### PROTEST OF CHICAGO, R. I. & P. RY. CO

No. 23440. Opinion Filed Feb. 14, 1933.

. W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

J. Berry King, Atty. Gen., F. M. Dudley, Asst. Atty. Gen., and H. C. Ivester, County Attorney, for protestee.

ANDREWS, J. This is an appeal by the protestant from a judgment of the Court of Tax Review dismissing a protest as to certain tax levies for the fiscal year commencing July 1, 1931, made by the excise board of Beckham county.

The levy of 1.80 mills for the construction and maintenance of roads in Bettina township and the levy of 2 mills for the construction and maintenance of roads in Merritt township were protested. The protests were based on the theory that the provisions of Senate Bill No. 180, article 7, chapter 50, Session Laws 1931, are unconstitutional and void. It is contended that the subject-matter of that act is not clearly expressed in its title as required by the provision of section 57, article 5, of the Constitution.

The title to the act in question is as follows:

"An Act amending sections 10202, 10203 and 10206, Compiled Oklahoma Statutes, 1921, relating to state, county and township roads, expenditure of revenues and funds, and authorizing and empowering boards of county commissioners to contract with State Highway Commission for expenditures of funds in constructing highways; authorizing and empowering State Highway Commission to construct highways under emergency conditions by employing supervisors, engineers and labor or by contracting with State Board of Public Affairs for prison or convict labor; repealing acts in conflict, and declaring an emergency."

That title shows that section 10203, C. O. S. 1921, was to be amended by the act. The levy authorized under section 2 of the act was not intended to be a part of the current expenses of the townships as provided and restricted by section 9692, C. O. S. 1921.

In Jones, Co. Treas., v. Blaine, 149 Okla. 153, 300 P. 369, this court, in speaking of a protest involving a levy of 1 mill for a library fund, held:

"Chapter 7, S. L. 1927, is an amendatory act and is so denominated in the title thereto. The amendments made are germane and pertinent to the act amended. The act is not in violation of section 57, art. 5, of the Constitution."

The same rule applies in this case. The amendment is germane and pertains to the subject-matter of section 10203, supra, which was amended thereby.

The protestant relies upon the holdings

of this court in St. Louis-S. F. Ry. Co. v. Andrews, Co. Treas., 137 Okla. 222, 278 P. 617, wherein this court held that the right to levy a 1 mill ad valorem tax for the erection of a courthouse was not expressed in the title of that act. It also relies on Jones, Co. Treas., v. Blaine, supra, wherein this court held that chapter 8, Session Laws 1927, related in part to the making of a tax levy for a cemetery fund, which part of the subject-matter of the act was not expressed in the title of the act. In neither of those cases was this court considering an amendatory act wherein the amendment was germane and pertinent to the provisions of the law amended. They are not controlling in the instant case.

The judgment of the Court of Tax Review is affirmed.

SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J., absent.