## CLARK et al. v. LOCKSTONE et al.

No. 22613. Oct. 30, 1934.

Rehearing Denied Dec. 4, 1934.

Application for Leave to File Second Petition for Rehearing Denied Jan. 22, 1935.

A. J. Welch and W. P. Keen, for plaintiffs in error.

G. A. Paul, for defendants in error.

PER CURIAM. This is a suit in equity by H. H. Clark and others, citizens and taxpayers of Weatherford, against the city of Weatherford, its officers, and the county treasurer of Custer county to enjoin the assessment and levy of a special tax to pay for a street improvement in the city of Weatherford, the same being described in plaintiffs' petition.

On February 7, 1929, the city council of Weatherford passed a resolution to pave four blocks of Eighth street, running north and south. The adjacent property owners filed a protest as permitted by statute, and the proceedings thereby terminated.

On July 18, 1929, a petition for paving the same street, with four additional blocks, two of which were to be constructed of gravel, was filed with the city clerk. The city owned the property on the west side of the two blocks of gravel. A resolution was introduced to direct the mayor and city clerk to sign the petition on behalf of the city, which was passed and done. The city council then examined the petition and the same was found to have more than 50 per cent. of the property assessable for the cost of the improvement. The contract was subsequently let, the work completed in due course, and the assessing ordinance passed January 2, 1930, and published January 9, 1930.

Plaintiffs filed their petition February 13, 1930, in the district court of Custer county, setting forth that public property of the city and school district (without which the petition would not have been sufficient) could not be included in determining the sufficiency of the area liable for the assessment to pay for the project, and prayed that the assessing ordinance be adjudged invalid and defendants enjoined from assessing a tax against plaintiffs' property and issuing any special tax bonds or warrants in pursuance thereof. Defendants answered, denying that the proceedings were in any way illegal, but alleged that the same were regularly had in the form and manner required by the laws of the state of Oklahoma.

No further proceedings were had in this cause, no hearing had on the application for the restraining order, until on January 6, 1931, plaintiffs filed an amendment to their petition, setting out a prior protest to the original petition to pave Eighth street, and alleging that the two blocks of gravel improvement were a fraud on the property owners of the district sought to be improved, and plaintiffs sought to cancel and annul the assessments. To the amendment to the petition, the defendants answered, denying any fraud or misrepresentation, and further allege that the action was barred by the special statute of limitations. To this answer, plaintiffs filed a general denial. Trial was had January 8, 1931, both parties waiving a jury.

In the trial of the cause, plaintiffs' testimony purported to show that the two blocks of gravel improvement were only of nominal

cost, and included solely as a subterfuge to secure a sufficient area to make the petition sufficient. There is further evidence for the purpose of showing that the school board did not authorize the improvement. The evidence further discloses that H. H. Clark, one of the plaintiffs, filed an informal protest with the city clerk, prior to July 18, 1929, but the protest was not dated, and the record does not disclose exactly when it was filed, or that anything further was done regarding the protest, except that H. H. Clark did inform the contractor doing the work, by letter, that he had filed a protest with the city officers, and notifying the company to do no work on the project, which letter was acknowledged by the company. The evidence further shows that the plaintiffs were at all times informed of the progress of the work, but did nothing further until their petition was filed, February 13, 1930.

On appeal, plaintiffs abandon all their contentions urged in the trial court, except that they should now be afforded the relief prayed for because of the fraudulent conduct of the city officials, as shown by the evidence. It is clear that publicly owned property is considered upon the same basis as privately owned property for the purpose of computing the area necessary for an improvement. Dean v. City of New Cordell, 151 Okla. 149, 3 P. (2d) 160.

Much consideration is given by counsel for both plaintiffs and defendants in this case to the question of whether or not the 15-day statute of limitations provided in section 30, ch. 173, S. L. 1923, is constitutional. Under the record in this case we do not deem is necessary to decide that question, for the reason that, under the evidence introduced by plaintiffs to show fraud on the part of the city officials, as a basis of the relief prayed for, there was not a sufficient showing to sustain plaintiffs' burden of proof. A further proposition of no little significance in this connection is the fact that neither in plaintiffs' pleadings, nor in the proceedings in the lower court, was the issue of the constitutionality of the 15-day statute of limitations raised. The rule is clear that such matters must be raised in the trial court, and not for the first time on appeal. Fest v. Gilbert, 102 Okla. 245, 229 P. 275, and Samuels v. Granite Sav. Bank & Trust Co. et al., 150 Okla. 174, 1 P. (2d) 145. Besides, the validity of the act in question has been approved by this court in the case of Town of Burbank et al. v. Sheel. 131 Okla. 292, 268 P. 1106.

Fraud is never presumed, but must be proved by clear and satisfactory evidence, and when a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted. In the trial of this cause, especially that portion of the evidence directed toward sustaining plaintiffs' contention in their amendment to petition that the conduct of the city officials was fraudulent, plaintiffs fail to establish the fraud charged, and the record discloses only that the city council authorized the mayor and clerk to sign the paving petition as affecting city-owned property, which is certainly not adequate evidence of fraud. The record is silent as to why gravel paving was used on the two blocks in question, and we have searched the record in vain to find a motive for any fraudulent conduct on the part of the city officials, but we do not find any evidence that the city officials would have been benefited to any degree as a result of the paving project in question, and no ulterior motive for their acts.

The interests of many property owners, particularly those adjacent to the four blocks of paving constructed, are affected in this cause, and we find no evidence of any protest on their part that the action of the city officials in regard to the two blocks of gravel, for which the petition provided, was in any way fraudulent, except the testimony of the clerk of the school board, which, upon careful examination, does not substantiate plaintiffs' contention of fraud. The mere filing of a petition for injunction, without any action being had thereon for nearly a year, does not entitle plaintiffs to the relief prayed for. We think it significant too, that of the plaintiffs listed and described as "others too numerous to mention," only two of the three named plaintiffs come to court to complain of the fraud alleged to the city officials. We concede, of course, that there are no set rules governing what amounts to fraud, and that every case rests on its own facts, but from a careful study of the record in this cause, we are clearly of the opinion that the conduct proved on the part of the city officials does not sufficiently sustain plaintiffs' charge of fraud.

Therefore, in view of plaintiffs' failure to sustain by sufficient and competent evidence their contention of fraud on the part of the city officials, as alleged in their amendment to petition, it is clear that the trial court was correct in sustaining defendants' demurrer to plaintiffs' evidence.

318

Judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys John Adams, W. H. Wilcox, and J. M. Springer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Adams and approved by Mr. Wilcox and Mr. Springer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.