## GENERAL EXCHANGE INSURANCE CORP. v. EDWARDS et al.

No. 27680.    Nov. 16, 1937.

Pierce, McClelland, Kneeland & Bailey and Melton & Melton, for plaintiff in error.

Ben Goff, for defendants in error.

CORN, J. This is an action in replevin commenced in the district court of Grady county by Roy I. Edwards against Henry Scruggs, enforcement officer of the stolen car division of the State Highway Commission, and J. W. Bond, sheriff of Grady county, the purpose of which was to repossess an automobile which the said Roy I. Edwards

had previously turned over to said officers for investigation and identification as stolen property. The General Exchange Insurance Corporation on leave of the court intervened, claiming ownership of said automobile and asking for possession thereof by reason of an assignment of title and bill of sale given by G. R. Wilson and Miss Gwen Wilson, alleged owners of the stolen car with whom the insurance company had settled for the loss of the car under an insurance policy insuring same against theft. The cause was tried to the court and the trial court found the car to be stolen property, but found the evidence insufficient to identify the same as the property of the intervener. The court did not decide the issues as between the plaintiff and defendants, but ordered that the cause be continued for trial as to any and all issues between the plaintiff and the defendants, and denied the petition of the intervener as against the plaintiff. From this order and judgment of the court, the intervener appealed.

The special findings of facts and conclusions of law made by the trial court and incorporated in the journal entry of judgment contain a sufficient statement of the case to give a clear understanding of the questions involved in this appeal. The same is as follows:

"The court finds from the evidence that on or about the 8th day of September 1935, G. R. Wilson, Harrah, Oklahoma, was the owner of a 1935 Chevrolet Sport Sedan, Motor Number 5159146, serial number 5EA06-15265, and that said G. R. Wilson did hold a certain insurance policy insuring him against the loss of said automobile by theft, said policy being issued by intervener; that on or about said date said automobile was stolen from the possession of Miss Gwen Wilson, sister of G. R. Wilson, where she had parked it on the streets of Norman, Oklahoma; that thereafter the intervener settled with said G. R. Wilson for the loss of said automobile and that the said G. R. Wilson did assign all of his right, title and interest in and to said automobile to said intervener by a valid assignment of title, certificate and bill of sale, in evidence in the within cause, and that by reason thereof said intervener became the owner and entitled to the possession thereof wherever the same might be found.

"The court further finds that said automobile was a 1935 four door Chevrolet Sport sedan, black color with black artillery wheels, with two sun visors, two windshield wipers, dual air flow horns, one tail light, one cigarette lighter, built-in trunk and was equipped with four Goodrich Silvertown Tires and one U. S. Royal tire, said tires bearing

numbers detailed by witnesses for the intervener."

"The court further finds that at the time said car was stolen, it bore certain marks, scratches, dents and burns and peculiar marks, some of which are as follows, to-wit:

"(1) Several cigarette or cigarette ash burns on the front seat cushion on the driver's side.

"(2) Small round dent inside right front fender skirt.

"(3) Long dent in upper part of left rear fender.

"(4) Right running board bent and pushed upward from being driven against garage door and running board molding pulled loose.

"(5) Mark across the back of the front seat underneath grab rod where luggage carried in back compartment rubbed against upholstering.

"(6) A spot rubbed bright underneath the hood from contact with cross members.

"(7) A stain inside glove compartment from spilled fingernail polish.

"(8) A protruding screw fastening battery inspection plate and a mark where the same had rubbed floor mat.

"(9) Other marks described by Gwen Wilson and G. R. Wilson, witnesses for intervener.

"The court further finds that the plaintiff herein came into possession of the automobile involved about the ___ day of October, 1935, and that it bears a number on the motor 5397350 and a number on the rear axle 1998030 and a number on the transmission CC84466. The court finds that the plaintiff had possession of said automobile from the date he acquired the same until about the ___ day of February, 1936, when the defendants herein informed the plaintiff that they had reason to believe the automobile was a stolen one and he surrendered the same to the defendants for inspection; that said car was so in possession of the defendants at the time this action was filed.

"The court finds from the evidence that all of the numbers now on the motor, transmission and rear axle of the automobile involved herein are incorrect, fictitious and fraudulent numbers and are not the correct numbers that should be on said automobile and the component parts thereof; that the automobile involved in this action is not the genuine Chevrolet automobile bearing such genuine numbers. The court further finds that the plaintiff herein has certificate of title issued by the Highway Commission of the State of Oklahoma on said automobile describing it as having motor number 3597350 and serial number ____ which title certificate the court finds was obtained by fraud and misrepresentation practiced upon the representatives of the State Highway Commission and is therefore void. The court further finds that the automobile herein is a stolen car and was stolen sometime before the plaintiff obtained possession thereof and that the plaintiff acquired no title or ownership to the same but did acquire possession.

"G. R. Wilson and Gwen Wilson both testified positively that the automobile involved herein was the automobile stolen from them on or about the 8th day of September, 1935. The court finds that the automobile involved herein is a 1935 Chevrolet sport sedan, with dual windshield wipers, dual sun visors, dual air flow horns, one tail light, one cigarette lighter, built-in trunk, black body and artillery wheels and is equipped with four Goodrich Silvertown tires and one U. S. Royal tire; that the numbers on the tires on the car involved in the within action have been eradicated by burning the same and for that reason said tires do not bear any original numbers thereon and the original numbers cannot be reproduced. The court further finds that the automobile involved herein bears similar or identical marks, burns, stains, and dents to those hereinabove set forth that were on the automobile of G. R. Wilson at the time the same was stolen. The court finds, however, that it is possible that said marks, burns, dents, etc., could have occurred or been placed on some other automobile than that stolen from G. R. Wilson and Gwen Wilson and that the evidence is insufficient to identify the automobile involved herein as that of intervener, to which intervener excepts and exceptions allowed.

"The court does not decide any issues as between the defendants and the plaintiff and it is ordered that such cause be continued for trial as to any and all issues between the plaintiff herein and defendants herein.

"It is therefore ordered, adjudged and decreed that the petition of intervener be and the same is hereby denied, as against the plaintiff herein and at the cost of the intervener."

The special finding of facts made by the trial court is amply sustained by the evidence in the case and no exceptions were taken by either of the parties thereto, and the correctness thereof is not questioned, but the intervener, the appellant, contends that the court erred as a matter of law in its conclusion that the facts so found were insufficient to entitle the intervener to recover the property. The only question presented by this appeal is whether the foregoing finding of facts is sufficient as a matter

of law to entitle the intervener to recover the property.

The appellant presents its argument under two propositions, which will be considered in the order presented.

Proposition 1:

"Where the former owner of a stolen automobile by means of various identifying marks resulting from use of automobile, such as dents, burns, stains and other characteristics, establishes a reasonable probability that the automobile is the one stolen from him, such evidence in a civil action for possession of such automobile is sufficient to establish ownership by a fair preponderance of the evidence, and the court is not justified in refusing to render judgment for possession of such property so identified solely because of the possibility that such identifying marks could have occurred or could have been placed on some other automobile."

To require the intervener to identify the automobile, which was found by the court to be stolen property, by marks which could not possibly, under any circumstances, have been found upon any other automobile would be to require the intervener to identify it beyond a reasonable doubt, if not beyond all doubt. The law does not require such degree of proof in civil actions. In 23 C. J. 12, the rule is stated as follows:

"In ordinary civil actions a fact in issue is sufficiently proved by a preponderance of the evidence, and the verdict or finding should be based upon the preponderance of the evidence, whether the evidence is direct or circumstantial. Under this rule, a party is not required to prove his case, 'beyond a reasonable doubt,' 'beyond doubt,' 'beyond any doubt,' 'beyond dispute,' 'beyond question,' 'conclusively,' 'to a certainty,' or a 'moral,' 'reasonable,' or 'absolute' certainty. * * *"

Proposition 2:

"Where positive testimony has been introduced to prove a certain state of facts, and no evidence has been introduced to rebut the same, and such facts are not inherently improbable and the physical facts and circumstances surrounding the case do not tend to contradict such evidence, such positive evidence cannot be disregarded, but must control the decision of the court or jury."

In support of this proposition the appellant cites the case of Davis, Agent, v. Wyskup, 97 Okla. 239, 223 P. 357, paragraph 2 of the syllabus stating the rule as follows:

"The rule undoubtedly is that where the positive testimony of a witness is uncontradicted and unimpeached, whether by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, it cannot be disregarded, but must control the decision of the court or jury. But a witness may be contradicted by the facts he states as completely as by direct adverse testimony. A court or jury is not bound to accept it as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances in evidence, satisfy them of its falsity."

G. R. Wilson and Gwen Wilson both testified positively that the automobile involved in this case was the one stolen from them on or about September 8, 1935, the loss of which was paid by the intervener, to whom bill of sale and assignment of title were executed. Both of these witnesses were intimately acquainted with the automobile by use of same and were more competent to testify as to its identity than any other witness. There were 16 identifying marks on the automobile and one or the other of said witnesses knew how each one came to be there and both knew their peculiar shape, size, and location. They had no interest in the outcome of the action, as the insurance company paid them for the loss of the car and there is no reason to question the truthfulness of the positive testimony they gave at the trial; and the court found that the stolen car while yet in their possession had all of the identifying marks upon it as detailed by them and that the identical distinguishing marks described by them were upon the car here involved.

The probability of all these marks appearing on any other automobile at the same places and in the same manner is too remote to deserve any consideration. Under the ruling of the trial court in this case it would be utterly impossible to recover a stolen automobile where the thieves had so successfully eradicated all the identification numbers on the automobile and on the tires as they did in this instance.

We conclude as a matter of law that upon the findings of the trial court, the intervener is entitled to possession of the automobile in question. It is, therefore, ordered that plaintiff in error General Exchange Insurance Corporation be granted judgment for the possession of the 1935 Chevrolet sport sedan automobile now being motor No. 5397350.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., concur.