JUNGELS et al. v. TOWN OF
HENNESSEY et al.

No. 33693.   April 11, 1950.

217 P. 2d 167.

Karl D. Cunningham, of Kingfisher, for plaintiffs in error.

Robinson, Shipp & Robertson, of Oklahoma City, for defendants in error.

HALLEY, J. This action for injunctive relief was commenced by Frank Jungels and other resident real property owners and taxpayers of the town of Hennessey, Kingfisher county, Oklahoma, against the town of Hennessey, a municipal corporation, its board of trustees and others, seeking an order enjoining the defendants from proceeding further in their efforts to have certain street improvements made in the town.

On September 17, 1947, the board of trustees adopted a resolution of necessity to create street improvement district No. 3, and caused notice thereof to be published on September 25 and October 2. The notice provided that unless, within 15 days from the last date of publication, the owners of more than 50 per cent in area of the land subject to assessment for such improvements filed a written protest, the board of trustees would proceed to make the improvements. A protest of property owners was filed within the 15-day period, but before its expiration the board of trustees rescinded its action and declared its former resolution null and void.

At the same time, the board passed a resolution providing for improvement district No. 3-A. Protest was filed, but before the expiration of the 15-day period, the board of trustees again rescinded its resolution providing for district No. 3-A, and immediately adopted a resolution providing for districts No. 4 and No. 5, each covering some of the land contained in the former districts 3 and 3-A.

It is alleged that the actions of the board of trustees in rescinding its former actions as above set out were in violation of law and motivated by a fraudulent intent to evade the will of the protesting citizens. It is further claimed that Senate Bill No. 120 of the 1947 Legislature, amending sec. 85, 11 O.S. 1941, covering improvements of streets and alleys of towns, is unconstitutional. It is further alleged that the

protests filed were signed by the owners of over 50 per cent in area of the land subject to assessment for the proposed improvements. The defendants answered by general denial.

The court sustained the motion of the defendants for judgment and denied the injunction. The plaintiffs have appealed. We shall refer to the parties as they appeared in the trial court.

The following propositions are presented by the plaintiffs:

"Proposition No. 1. Does the last clause of the 1947 amendment (above quoted) meet the requirements of the last provision of Article 5, Section 57, of the Oklahoma Constitution, which is as follows: . . ."

We shall quote only a portion of the constitutional provision referred to. It provides in part:

"Every Act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title . . . if any subject be embraced in any Act contrary to the provisions of this Section such Act shall be void only as to so much of the law as may not be expressed in the title thereof."

The title to Senate Bill No. 120 is as follows:

"An Act amending Section 85, Title 11, Oklahoma Statutes 1941; relating to street improvement; requiring notice to property owners; and declaring an emergency."

Plaintiffs' brief continues:

"Proposition No. 2. After the adoption and publication of a resolution of necessity for certain designated street improvements by a Town Board, and within the 15 days provided by law given property owners to protest the same—

"(a) Does the Town Board have an inherent right to, by motion, arbitrarily rescind such resolution of necessity, and declare the same null and void, prior to the expiration of said 15-day protest period; and thereafter, and by the same tactics, repeatedly adopt and publish resolutions of necessity, and

thereafter again, rescind and declare the same null and void, without a showing in the record of the Clerk's minutes of a valid or just cause and reason therefor?

"(b) Is such procedure fraudulent, per se, in view of the record in this case?"

Senate Bill No. 120, above referred to, and which is an amendment to section 85, Title 11, O.S. 1941, relating to "Necessity Resolution" on which street and alley improvements are based, is as follows (omitting the old portions of the amended section):

"Not later than five days after date of publication of said notice, a copy of same shall be mailed by the City or Town Clerk to each of the owners of land liable for assessment, at last known place of residence as shown by the records in the office of the County Assessor; provided, that failure to mail said notice or notices shall not invalidate any of the proceedings hereunder. . . ."

The original portion of the section so amended by the insertion of the amendatory provisions last quoted provides that if a valid protest is filed within 15 days from the date of the last publication, then such improvement project shall not be again proposed within six months.

It was admitted by defendants that no notice was mailed to the property owners in the proceedings relating to any of the improvement districts mentioned. Did this invalidate the proceedings? The answer to this question is found in the last lines of the amendment, which expressly provide that failure to "mail notice or notices shall not invalidate any of the proceedings hereunder."

Defendants claim that the amendment is constitutional, but that if it be held unconstitutional, it would still leave the proceedings of the town board of trustees valid, because the original section 85 above mentioned made no provision for notices to be mailed to

the property owners. We think they are correct in this contention. However, in support of the constitutionality of the act, they cite Cooper v. King, 171 Okla. 121, 42 P. 2d 249, where it is said in the body of the opinion:

"The general rule from all of the opinions rendered in this court appears to be that the title of a bill may be general and need not specify every clause in the statute; it being sufficient if they are all referable and cognate to the subject expressed."

In Protest of Chicago, R. I. & P. Ry. Co., 162 Okla. 68, 19 P. 2d 152, it was said in the second syllabus:

"An Act entitled generally as an Act to amend a Section of the Code does not violate the provisions of Section 57, Article 5, of the Constitution when the amendment is germane and pertinent to the Section of the Code amended thereby."

The amendatory section of Senate Bill No. 120 is clearly directory and not mandatory. It provides that failure to comply with its provisions for mailing notice shall not invalidate the proceedings for street and alley improvements. The title to the Act is clearly pertinent and germane to the subject, which is "street improvement", and the portion of the title relating to the amendatory section is described as "requiring notice to property owners" and is without question pertinent to the subject of the Act. Our views upon this question are further supported by the decisions of this court in Lowden et al. v. Washita County Excise Board, 188 Okla. 698, 113 P. 2d 370; and School District No. 37, Washita County, et al. v. Latimer, 190 Okla. 620, 126 P. 2d 280.

In considering plaintiffs' second proposition, wherein it is complained that the board of trustees acted in violation of law in rescinding previous "resolutions of necessity" relative to improvement districts, it is well to bear in mind that the undisputed evidence showed that none of the protests filed by plaintiffs bore the signatures of the owners of more than 50 per cent in area of the land subject to assessment in the proposed districts. All of the protests represented less than 50 per cent of such land. A board of trustees of a town in providing for street improvements is acting in a legislative capacity, and we are cited no law or decision prohibiting the board from rescinding its former acts without setting forth its reasons for so doing. The case of Schultz v. Ritterbusch, 38 Okla. 478, 134 P. 961, is cited. This court had under consideration these facts: A city had instituted proceedings to pave certain streets, and had made a contract for the work to be performed. An order enjoining execution of the contract was issued. The city abandoned the entire proceeding and thereafter instituted new proceedings to pave the same property; and it was said:

". . . and there can be no reason why the city may not reconsider and conclude not to make the proposed improvements and abandon all proceedings with reference thereto, at any time prior to the making of the contract . . ."

An Indiana case was cited, wherein it was said:

"It is a mere preliminary step, looking to a public improvement, to be made or not, as the common council in its discretion may determine, from which it may recede at any time before the contract for the improvement is concluded."

This court has held many times that fraud is never presumed, but must be proved by clear and satisfactory evidence. Clark v. Lockstone, 170 Okla. 316, 39 P. 2d 971. The evidence in the record shows no fraud on the part of the board of trustees. It could rescind former actions and institute new proceedings at any time, because the protests filed were insufficient to invoke the six months' stay provided for in the section covering Resolutions of Necessity.

622

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.