GILBAUGH et al. v. ROSE et al.

No. 34722. Dec. 26, 1951.

*239 P. 2d 406.*

Garland H. Hope and David A. Kline, Oklahoma City, for plaintiffs in error.

Ted Foster, Oklahoma City, for defendants in error.

CORN, J. Plaintiffs brought this action to recover $1,685, actual damages, and $1,500, exemplary damages for defendants' conversion of personal property.

Plaintiffs alleged they, together with three minor children, occupied a part of the premises owned and operated by defendants as a tourist court, on a weekly rental basis. April 16, 1949 (Saturday) they took the children, locked their place of abode, and departed on a trip to a nearby town. At the time of departure all of their household goods, personal effects, clothing other than that which they were wearing, and tools used by plaintiff in his trade as a painter, were left in their quarters. During their absence defendants willfully and wrongfully broke the lock, entered their home, and removed and carried away all of plaintiffs' property and belongings and converted some to their own use. Defendants then locked plaintiffs out of the place by placing another padlock upon the door. The itemized value of the property alleged to have been taken was $1,658. In asking exemplary damages plaintiffs alleged the conversion was willful and malicious, and done with the deliberate intent to deprive plaintiffs of their property.

Defendants answered by general denial, and the further plea that plaintiffs voluntarily vacated the premises, leaving the place unlocked and empty except for the old clothes which plaintiffs later removed; that defendants locked the house to protect their property. The amended answer denied that defendants took, stole, or carried away the articles mentioned in the petition, and alleged the facts to be that plaintiffs rented the premises furnished, but vacated same without notice and without paying rent; that the items mentioned in the petition were never in the house, and defendants had no knowledge thereof, other than that they were not in the house when defendants locked the door after plaintiffs' abandonment of the premises.

Plaintiffs replied to the answer, and to the amended answer, by general denial.

Trial to a jury resulted in a verdict in plaintiffs' favor for $500, actual damages, and $500, exemplary damages, and defendants have appealed from the judgment rendered upon the jury's verdict.

The assignments of error relied upon for reversal of the judgment are presented under three propositions. Defendants first contend the trial court erred in instructing the jury plaintiffs were required to prove the allegations of the petition by a preponderance of the evidence. The argument is that the acts charged against defendants constituted a felony, involving specific intent, thus the degree of proof required to establish this had to be of a higher standard than a mere preponderance of the evidence, and the trial court should have instructed that plaintiffs were required to prove such allegations beyond a reasonable doubt.

Defendants' rely upon Kansas Mill Owners, etc., Ins. Co. v. Rammelsberg (Kan.) 50 P. 446, and Canard v. Ryan, 172 Okla. 339, 45 P. 2d 122, together

with statements from Jones Commentaries on Evidence (2d. Ed.). The rule in the Kansas case, as well as the statements from the text, have no application herein. Both deal with the standard of proof required to establish fraud which, in this jurisdiction, must be shown by clear and satisfactory evidence. Jungels v. Town of Hennessey, 202 Okla. 619, 217 P. 2d 167.

The Ryan case, supra, deals with the standard of proof required to impeach a sheriff's return, and it is pointed out therein that sound public policy requires same shall not be contradicted except upon the most satisfactory evidence. Nothing in this case, nor in the two authorities above cited, tend to vary the requirements laid down in the general rule as to the degree of proof required in civil actions.

In 20 Am. Jur., Evidence, §1248, it is said:

"There is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence. The reason of the rule no doubt is that as between man and man, where a loss must fall upon one or the other, it is right that the law should cast it upon him who is shown to have been the cause of the loss, by proof establishing the reasonable probability of the fact."

See Cities Service Gas Co. v. Eggers, 186 Okla. 466, 98 P. 2d 1114.

And, section 1255 of the same text further states:

"The degree of proof necessary to establish the existence of a crime in a civil action is a matter upon which there has been some diversity of opinion. The general rule, supported by the great preponderance of modern authority, is that in civil cases it is sufficient to prove the existence of the criminal act by a preponderance of the testimony, and that although facts may be alleged that, if true, constitute guilt in the party charged, for which he might be indicted and punished, it does not follow that the proof, in order to maintain the cause of action or defense, must be such as would convict the party charged of the crime, if upon trial under an indictment. Proof beyond a reasonable doubt, as in criminal prosecutions, is not required. Thus, in a civil action where there is an allegation of fraud, or forgery, or a criminal misappropriation of property, or false representations, or a trespass which might subject the trespassers to criminal prosecution, the mere preponderance of evidence is held to be sufficient."

While there is authority to support defendants' position (see 62 A.L.R. 1449) the general rule was recognized and applied by this court in Hammett et al. v. State, 42 Okla. 384, 141 P. 419, wherein the second syllabus states:

"A request for an instruction that the crime alleged in the petition must be proved beyond a reasonable doubt is properly refused. All that is required of the state in civil actions for the recovery of a penalty under section 4191, Snyder's Comp. Laws 1909 (Rev. Laws 1910, §3619), is to prove the crime by a preponderance of the evidence."

See, also, General Exchange Ins. Corp. v. Edwards et al., 181 Okla. 288, 73 P. 2d 1145.

Defendants' second contention charges error in overruling the demurrers to plaintiffs' evidence, while the third contention is that the verdict and judgment are not sustained by the evidence and are contrary to law. Since both contentions attack the sufficiency of the plaintiffs' evidence they may be considered together.

Insofar as respects the argument whether the evidence was sufficient to establish a conversion as alleged by plaintiffs, it is sufficient to note the jury heard the testimony and rejected the evidence relied upon by defendants to show plaintiffs removed their belongings and that defendants only locked the house to protect their property. Having resolved the issues against defendants this court is bound by the jury's findings, since a verdict based upon conflicting evidence will be re-

viewed on appeal only for the purpose of determining whether it is supported by competent evidence. Cities Service Gas Co. et al. v. Eggers, supra.

Concerning the sufficiency of the evidence to connect the defendant R. B. Gilbaugh with conversion of plaintiffs' goods, it is necessary to point out only that essential facts may be proved by circumstantial evidence, or by permissible inferences. There was testimony tending to show that this defendant profanely acknowledged plaintiffs' absence from the premises, and that after the alleged conversion he had in his possession personal property identified as belonging to the plaintiffs. Such evidence not only was sufficient to connect him with conversion of the property, but likewise tended to show willful and deliberate intent to deprive plaintiffs of their property, which is a requisite element to be shown in order to support recovery of exemplary damages in such actions. See Belcher v. Spohn, 170 Okla. 139, 39 P. 2d 87.

Judgment affirmed.

HALLEY, V.C.J., and WELCH, GIBSON, JOHNSON, and O'NEAL, JJ., concur.