## SCRIVNER v. SCRIVNER.

No. 35244.   Oct. 7, 1952.

*248 P. 2d 1045.*

Williams, Williams & Williams and Otey, Johnson & Evans, Ardmore, for plaintiff in error.

George, George & Springer, Ardmore, for defendant in error.

DAVISON, J.  This is a suit in equity, wherein Pearl Scrivner, as plaintiff, seeks to establish and quiet title to an undivided one-fourth interest in the oil, gas and other minerals underlying a 110-acre tract of land in Carter county, Oklahoma, as against the defendant,

Will Scrivner, her former husband. The parties appear here in the same order, and will be referred to, as they appeared in the trial court.

On December 7, 1934, after some 23 years of married life, the parties were divorced by a decree of the district court of Carter county, Oklahoma, in favor of said plaintiff. In addition to granting a divorce, said decree contained the following provision, to wit:

"It is further ordered and adjudged by the court that the property settlement heretofore made by said parties is approved and the plaintiff herein recover her costs in this action."

Plaintiff filed her petition in the instant suit on August 15, 1950, wherein she alleged the marital status of the parties from 1911 to 1934, at which time defendant was desirous of obtaining a divorce; that at that time the parties owned "numerous property interests" including a one-half undivided interest in the realty here involved; that a division and settlement of their property rights was agreed upon and reduced to writing and executed; that, although by the terms of the written agreement, the defendant retained title to the one-half undivided interest in the real estate here involved, he orally agreed that, if oil or gas were ever discovered on the premises plaintiff would be given one-half of defendant's interest therein; that the written agreement standing alone was unfair and inequitable and that she would not have entered into the same except for the oral promise as to the mineral interests; that in October, 1949, she learned that oil had been discovered on the land, and on August 15, 1950, she discovered that defendant's promise was false and fraudulent in that at the time he made it he had no intention of carrying it out and that therefore the written agreement was void. Plaintiff prayed that the property settlement and the decree approving it be vacated and canceled and that she be given a fair and equitable property settlement.

After his motion to strike and demurrer were overruled, defendant answered by way of general denial, specific denial of any fraud in the execution of the property settlement contract or the procurement of the decree approving the same, denial of any collateral oral agreement, plea of res judicata, plea of the statute of limitations and plea of laches.

The case was tried to the court without the intervention of a jury and resulted in a judgment in favor of defendant. Included in the judgment were findings of fact and conclusions of law. From such judgment, plaintiff has appealed. It is somewhat difficult to clearly analyze and state plaintiff's position due to the incongruities therein. A careful and thorough search of the record and briefs results in the conclusion that she seeks, in this suit, instituted nearly 16 years after the execution of the property settlement contract and the decree of divorce approving it, to have the court vacate the same because of the fraud of defendant in not intending to fulfill an alleged contemporaneous oral promise to convey to her an interest in the oil and gas underlying the premises and, at the same time, she seeks specific performance of that written contract as amended by the alleged oral promise.

But, under any view of the matter, plaintiff is entitled to no relief whatever unless the defendant was guilty of fraud in procuring the property settlement agreement or the divorce decree approving it or both. In a long line of cases, including the recent ones of Jungels v. Town of Hennessey, 202 Okla. 619, 217 P. 2d 167, and Gilbaugh v. Rose, 205 Okla. 508, 239 P. 2d 406, this court has followed the universally accepted rule that fraud is never presumed, but the burden of establishing it by clear, satisfactory and convincing evidence rests upon the party relying thereon. Plaintiff testified that the defendant made the oral promise to convey the mineral interest to her in the future, if oil or gas were discovered. Defendant testified that he did not. There is no proof of defendant's intention sufficient to constitute fraud even if the promise had been made.

In the case of Farmers Union Co-Op. Royalty Co. v. Southward, 183 Okla. 402, 82 P. 2d 819, it was stated that:

"To render the nonperformance of a promise to be performed in the future fraudulent, the promise to perform must be accompanied by an intent not to perform."

Thus there rested upon plaintiff the burden of proving: First, the promise; second, the intent not to perform. The record contains no evidence relating to either except the testimony of the parties which is in irreconcilable conflict. The trial court held that plaintiff had not discharged the burden of proof. The testimony discloses one fact that makes any other conclusion impossible. Some six months after the property settlement and divorce decree, plaintiff desired a quitclaim deed from defendant as to certain properties belonging to her under the agreement. Defendant refused to execute such a deed except in exchange for a quitclaim deed to him from plaintiff as to the realty here involved. In order to perfect her title to other lands, she therefore executed and delivered to defendant a quitclaim deed as requested. Such deed conveyed "all the right, title and interest of the maker thereof in and to the premises therein described." Higgins v. Oklahoma City, 191 Okla. 16, 127 P. 2d 845. The plaintiff did not deny the execution or delivery of the deed but merely testified that she did not remember. She was a shrewd and capable woman with a much better education than that of the defendant. The testimony of other witnesses clearly established and the trial court properly found that the deed was "valid and enforceable". This precluded plaintiff's right to recover on any theory.

Having come to this conclusion, it is unnecessary for us to consider wheth-

er or not the judgment is also supported by the statute of frauds, the statute of limitations, or other propositions presented in defendant's brief.

The judgment is affirmed.

HALLEY, V.C.J., and WELCH, GIBSON, and JOHNSON, JJ., concur.