**TRAVELERS INDEMNITY COMPANY,**
Plaintiff-Respondent,

v.

**Robert DAVIS, Defendant-Appellant.**

No. 10036.

Missouri Court of Appeals,
Springfield District.

May 6, 1976.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for defendant-appellant.

G. H. Terando, Hyde, Purcell, Wilhoit & Edmundson, Poplar Bluff, for plaintiff-respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Replevin. The trial court, sitting without a jury, found for plaintiff. Defendant, on this appeal, makes the single assertion that the evidence is insufficient to support the judgment. The appeal has no merit and the judgment, with a modification to be mentioned, is affirmed.

The petition alleged that plaintiff was the owner of three 1973 International trucks, "more specifically described as follows:

  A.  1973 International Truck, vehicle number 25947CGA24083. Unit number 2002;

  B.  1973 International Truck, vehicle number 25947CYB13643, Unit Number 2088;

  C.  1973 International Truck, vehicle number 25947CGA24087, Unit number 2006."

The petition further alleged: On April 20, 1974,[1] "said vehicles were stolen by a party or parties unknown; the defendant has now in his custody, possession and control a vehicle that was built from parts taken from some or all of the vehicles stolen from plaintiff and heretofore identified." The petition further alleged the entitlement of plaintiff to possession of the composite vehicle and its wrongful detention by defendant, together with other matters required to be alleged by Rule 99.01.

The prayer of the petition sought a judgment transferring possession of the composite vehicle to plaintiff.

Defendant's answer was a general denial.

Defendant particularizes his attack upon the sufficiency of the evidence by making three claims. First, there was no substantial evidence that the vehicle in defendant's possession is a composite of "two or more of the vehicles described" in plaintiff's certificates of title.[2] Apparently this is a reference to the fact that the composite vehicle does not bear a number matching the "motor or vehicle identification number" shown on any of the three certificates of title. Second, "all of the evidence on this point was circumstantial." Third, the evidence, being circumstantial, is insufficient because it requires resort to guesswork or speculation and does not have a tendency "to exclude every other reasonable conclusion but the one desired." In support of the third particular, defendant relies on language in *Shepard v. Ford Motor Co.*, 457 S.W.2d 255, 259[4] (Mo.App.1970), a case having no factual similarity.

This court must review this nonjury case upon both the law and the evidence as in suits of an equitable nature and give due regard to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01. The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976, No. 59167). The power to set aside the judgment on the ground that it is against the weight of the evidence should be exercised "with caution and with a firm belief that the decree or judgment is wrong." *Murphy*, at p. 32.

The evidence to be reviewed came only from plaintiff's witnesses because defendant offered none.

At the time of the larceny, the trucks were owned by Hudgins Truck Rental, Inc., plaintiff's assignor. Ron Skinner, assistant maintenance director for Hudgins,

---

1. Plaintiff's evidence showed that the theft occurred in April, 1973. On oral argument defendant's counsel stressed this inconsistency but even if it were material there was no objection to that evidence. Thus the matter was tried by the implied consent of the parties and the petition is treated as amended to conform to the evidence. Rule 55.33(b).

2. The three International trucks were originally owned by Hudgins Truck Rental, Inc. Prior to this action Hudgins assigned title to the three vehicles to plaintiff by endorsement and delivery of the title certificates. Defendant makes no contention that plaintiff, as assignee and present owner, has no standing to sue. See *Pearl v. Inter. Sec. Co.*, 357 Mo. 160, 206 S.W.2d 975, 978 (1947).

identified the three title certificates. Hudgins gave the three trucks their respective unit numbers, including unit number 2006. Skinner had worked on each of the three trucks about five times and had inspected them about fifteen times. "It is my job to go out and physically go over the trucks." After this litigation was instituted Skinner examined the vehicle in defendant's possession, the examination taking an hour and a half.

The following testimony was elicited, without objection, from Skinner:

"Q. Can you identify the vehicle that is in the defendant's possession?

A. Yes, sir.

Q. And what is your identification of that vehicle?

A. It is a composite of the three trucks that came from Houston.

Q. The three trucks, which three trucks do you mean?

A. 2006, 2002 and 2088."

Skinner also testified that Hudgins made certain alterations on its trucks and that the composite truck bore unmistakable evidence that it has been so altered. This evidence included marks on the side of the cab where a bulb kit had been mounted, holes where a fire extinguisher had been mounted, the imprint of its bracket, holes in the grill where "winter fronts had been installed," and holes in the dashboard where a stereo had been mounted by Skinner himself.

Skinner testified that the "Southland" number of unit 2006 was 426153 and that residue on the left door showed a number had previously been affixed there, the last digit of which was 3.

Behind the driver's seat was found a "service sticker" which bore the date 3–28–73. Inserted in the space on the sticker calling for "equipment number" were the handwritten numerals 2006. According to Skinner, it was the practice of Hudgins to put such stickers behind the driver's seat.

On cross-examination, Skinner testified that Hudgins was probably the only truck line that mounted bulb kits "in that place." Also certain weld marks on the frame, found on Hudgins trucks and on the composite truck, were uncommon. "We are probably the only ones that do that."

Richard Albrecht, an auto damage appraiser with twenty years "familiarity with trucks," examined the composite vehicle twice. On his first examination "under the paint scheme that is presently on the truck, the reflection of number 2006 on the left rear cab corner" was visible. An identification number on the left frame rail was stamped over a small area "that had evidently been ground or filed down" and the numbers were "out of position and irregular." "There should have been at least one more prefix to the number." The number Albrecht saw did not match any of those shown on the title certificates.

Sgt. N. F. Mobley of the highway patrol examined the composite truck prior to the lawsuit and it was he who found the service sticker behind the driver's seat.

Although the trial court was not requested to make findings of fact, and did not do so, this court agrees with counsel for plaintiff that the foregoing evidence justified the finding that the composite truck "was primarily unit 2006," and that the record lends support, whether needed or not, to Skinner's opinion that it "is a composite of the three trucks."

"Replevin is a proceeding by which the owner or one who has a general or special property in the chattel taken or detained seeks to recover possession of *that specific chattel*. . . ." 66 Am.Jur.2d Replevin § 2, p. 838 (Emphasis added). Rule 99.01 provides in part, "If the plaintiff claim in his petition the possession of *specific personal property* . . . ." (Emphasis added). "While certainty in the description of the property is required in replevin, this rule does not require greater certainty of description than the nature of the property reasonably admits." 66 Am.Jur.2d Replevin § 80, p. 885.

In replevin actions seeking the recovery of stolen automobiles, evidence consisting of

marks, scratches, or other peculiarities has been held sufficient to identify the vehicle in the possession of the defendant as being that to which plaintiff was entitled. *Wald v. Auto Salv. & Exch. Co.*, 190 Iowa 11, 179 N.W. 856 (1920); *General Exch. Ins. Corp. v. Edwards*, 181 Okl. 288, 73 P.2d 1145 (1937); *Farm Bureau Mut. Auto Ins. Co. v. Mosley*, 47 Del. (8 Terry) 256, 90 A.2d 485 (1952).

In *Wald*, the identification numbers on the vehicle had been ground off. Plaintiff made his identification "by marks, scratches, and so on." The court said that under the circumstances identification by such means was proper, the plaintiff had satisfied the jury that the car claimed was his, and the evidence was sufficient.

In *General Exchange*, identification was based on "scratches, dents, and burns and peculiar marks." The trial court found that the automobile involved bore similar or identical marks but also found that it was possible that such marks "could have occurred or been placed on some other automobile" and felt that such identification was insufficient. Defendant here advances this same argument. However, the Supreme Court of Oklahoma, in holding the identification to be sufficient, said: "The probability of all these marks appearing on any other automobile at the same places and in the same manner is too remote to deserve any consideration. Under the ruling of the trial court in this case it would be utterly impossible to recover a stolen automobile where the thieves had so successfully eradicated all the identification numbers on the automobile and on the tires as they did in this instance."

In *Farm Bureau*, identification was based primarily on a certain worn spot on the carpet. The court held that the testimony was sufficient to identify the vehicle as that to which plaintiff was entitled, the identification number having been ground off.

Whether plaintiff's evidence be viewed as direct or, as defendant insists, circumstantial,[3] or both, the trial court may not be convicted of having resorted to guesswork or speculation in finding that the composite vehicle was sufficiently identified. It may properly be said, in accordance with the language in *Shepard v. Ford Motor Co.*, 457 S.W.2d 255, 259[4] (Mo.App.1970), that plaintiff's evidence supports the trial court's conclusion and has a tendency "to exclude every other reasonable conclusion but the one desired."

Defendant offered no evidence in rebuttal. Defendant has made no claim that any portion of the composite truck has a source other than plaintiff's trucks.

■ It was not incumbent upon plaintiff to establish its case beyond a reasonable doubt. "The plaintiff in an action of replevin, . . . has the burden of proving his case by the preponderance or greater weight of the evidence." 66 Am.Jur.2d Replevin § 98, p. 894. The next page of the same text says: "Any evidence which proves the allegations of the . . . petition by a preponderance or greater weight is sufficient to justify a verdict by a jury or a judgment by the court."

■ The judgment must be affirmed, but with one modification. The judgment recites "that the plaintiff herein shall have and recover of and from the defendant possession of the property described in the plaintiff's petition filed herein, to-wit." The judgment then sets forth the description of the three trucks as quoted in the second paragraph of this opinion.

The eggs have been scrambled and their separate production is no longer possible since defendant, so far as this record discloses, possesses only the mixture. The petition sought only the composite truck, not the three from which it was cannibalized. The judgment must be modified to transfer to plaintiff possession of the composite vehicle, appropriately describing same.

As so modified, the judgment is affirmed.

All concur.

---

**3.** For a definition of "circumstantial evidence" and a discussion of the gauging of its sufficiency for submissibility see *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 422[6–9] (Mo.App.1973).