SHERMAN *v.* MILLER CONSTRUCTION COMPANY ET AL.

[No. 12,890. Filed October 11, 1927. Rehearing denied January 3, 1928. Transfer denied December 10, 1929.]

*Rulison, Arnold, Carson & Judie, Walter R. Arnold* and *Allen R. Travis,* for appellant.

*Aiken, Grant & Aiken, John G. Yeagley, Montgomery. & Niemiec* and *William E. Wider,* for appellees.

ENLOE, J.—In 1925, Elmer Whitesell, one of the appellees herein, was the duly qualified and acting trustee of Warren township, St. Joseph county, Indiana, and, as such, had charge of the schools, school buildings and school grounds in said township; as such trustee, he employed one Royal L. Simmons, an architect, to draw plans and prepare specifications for a new school building to be thereafter erected in said township, said building being known as the "Lydick School." Under said employment, the said architect proceeded to draw plans and prepare specifications for said building, and said plans and specifications, when so drawn and prepared by said architect, were approved and accepted by said trustee.

Thereafter, said trustee duly let and awarded the contract for the construction of said building according to said plans and specifications to the Miller Construction Company, and said company at once proceeded with the work of constructing said building, and there-

after fully completed the same and turned said building over to said trustee, prior to September 1, 1925. On September 8, 1925, school was opened in said building, and thereafter, on November 7, 1925, the plaintiff received an injury at said building which is the basis of this suit, the action being brought against said Whitesell, in his individual capacity, and also against said Simmons, architect, and the Miller Construction Company, builder. To this complaint, which was in one paragraph, the appellees separately demurred for want of facts and these demurrers were sustained. The appellant refusing to further plead, judgment was rendered against her, and this appeal followed, the only questions presented being those relating to said ruling.

The material averments of said complaint, as they relate to any alleged negligence, are, in substance, that the plans and specifications adopted for the construction of said building required that the basement thereof be excavated; that they called for an entryway to said basement to be constructed by excavating outside of said building and constructing steps leading from the top of said entryway down to the bottom thereof and to the level of the basement floor; that the walls of said entryway, the floor thereof, and the said steps were all to be, and were, of concrete; that the top of the walls of said entryway, with their ledge or curbing of concrete, projected about three inches above the surface of the earth, and that said entryway was constructed strictly according to the plans and specifications therefor.

It further appears from the allegations of said complaint that, on November 7, 1925, the appellant, while in attendance at said school as a pupil, and while at play with other children, also pupils, was pushed by one of her playmates, causing her to stumble and fall over said wall and into said entryway and onto the concrete floor thereof, whereby she was severely injured. The com-

plaint further alleges that said plans and specifications "wholly failed to provide, call for, or direct" the erecting "of any guard, railing or housing, over, above, or along the sides of said ledge of said entryway to prevent children and others from being pushed over, tumbling or falling into said entryway and onto the floor thereof." It is then alleged that the appellees at all times well knew that to construct said entryway "in the manner and by the method exhibited by the plans provided would constitute a menace and danger at all times, and would put in jeopardy the lives, limbs and health of children who would attend said school"; that appellees, in utter disregard of the safety of the children attending said school, "made, approved, acquiesced in, sanctioned and carried out the plans and specifications which omitted any provision for a guard, rail, housing, or other barrier" to protect children from falling into said entryway; that said trustee permitted the children attending said school to romp, play, and be about said entryway and the walls thereof, well knowing that there was nothing to protect them from falling therein. There is also the further allegation in said complaint that, at the time appellant was injured, said trustee had not accepted said building from said contractor.

From the averments of the complaint, it clearly appears that the act for which appellant seeks to hold appellee Whitesell liable is his act in approving and accepting plans for said building, which plans did not provide for protection of persons against falling into said entryway, and in permitting said building to be used for school purposes and children to play about the same while said entryway remained in said condition.

As to the plans and specifications involved, it is provided by our statute (§12071 Burns 1926) as follows:

"If a trustee finds it necessary to erect a new schoolhouse, he shall procure suitable specifications therefor. . . ." Whether the plans and specifications procured in any given case are or are not "suitable" involves the exercise of judgment. The exercise of this judgment the law has left with the township trustee, and, even though such trustee should exercise very poor judgment in the matter of selecting such plans, that he is not liable in damages therefor because of that fact is well settled. He is not liable as an individual because he was not acting in his individual capacity, but in his official capacity in making such selection. *State, ex rel.,* v. *Gough* (1913), 55 Ind. App. 118, 103 N. E. 148, and authorities there cited. The allegation that said schoolhouse "had not been accepted" adds nothing to the legal efficacy of the complaint. The law places the control of school property, schoolhouses and school grounds in the hands of the township trustee, and, as such trustee, the appellee Whitesell was in control of said building and grounds at the time plaintiff was injured, and there was not, nor could be, under the facts pleaded, any individual liability as against said Whitesell.

So far as said Simmons is concerned, he was simply an architect, employed to draw plans and specifications for said building; the plans and specifications which he drew met with the approval of the trustee, and said building was constructed according to said plans. It would, indeed, be a strange rule of law which would excuse the act of the official in passing upon said plans and adjudging them sufficient, and yet would hold the person who drew such plans liable in damages, because of an alleged incompleteness therein, to some person who might be injured as the result of a building having been built according to such incomplete plans, whereby he suffered a personal injury.

As to the appellee Miller Construction Company, it performed its contract for the construction of said building according to its agreement in that behalf;  the plans and specifications for said building had been approved by the township trustee, the officer chosen by the law to perform that duty, and it was not for the construction company to question the judgment of the trustee in that behalf; no negligence in any way is charged against it by the averments of said complaint.

Said demurrers were rightly sustained, and the judgment is affirmed.