## Hunt-Forbes Construction Company v. Robinson.

(Decided December 21, 1928.)

ED. L. ALLEN and A. J. MAY for appellant.

JAMES & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant is a firm engaged in the business of constructing highways in the state of Kentucky. The appellee is a citizen of Floyd county who owned a small hillside tract of land through which, or by which, a right of way for a state highway ran. The state highway is known as the Mayo trail, and that particular part of the highway running from the Johnson county line up Little Paint creek to Cliff in Floyd county is the part we are concerned with in this suit. The appellant had a contract with the state highway commission to construct this part of the Mayo trail according to the plans and specifications of the state highway engineer. The county of Floyd furnished the right of way for the road. In constructing the road through or by the little hillside farm of appellee, appellant made a cut about 12 feet deep. This was in conformity with the plans furnished by the state highway commission for the construction of the road. The work was done at the point in accordance with the plans and specifications furnished to the appellant by the state highway commission. A few months after the construction had been completed at the particular point, but probably before appellant had finished the section of road mentioned in its contract, the hillside farm of appellee began to gravitate into the cut which had been made when the road was constructed. Cracks and fissures extended through his land in widening circles until at last his front porch fell over and found its way down into the road. A fissure opened under his house which caused it to turn over on its side, and at this time good judgment dictated that he abandon his home, which he did. He claimed that he had paid $1,200 for the erection of his house about a year before the injury to it. He had paid about $300 for the hill side land, and had located his

house on the most available, or probably the only level spot that he could find on it. Realizing that he had been damaged without any fault of his own, he filed a suit against appellant and also against Floyd county seeking to recover the amount of damages which he had sustained. He afterwards dismissed his suit against Floyd county without prejudice, and, at the conclusion of the trial, a jury awarded him a verdict for $500 against appellant.

Appellant claims that it is not responsible for the damages, and cannot be held to answer to appellee in damages for the trouble which overtook him growing out of the construction of the road. This claim is grounded upon the idea that appellant constructed the road under the directions of the state, and that in doing so it was but the agent of the state, and as the state cannot be sued its agent cannot be sued provided the agent did nothing which was unauthorized by the contract with the state. Appellant admits that if it was negligent in the performance of the duties imposed by the contract and that such negligence resulted in the injury to appellee it might be held responsible, but it claims that it was not negligent, and that it discharged the duties called for in the contract strictly in accordance therewith.

The state is the sovereign and is not suable without its consent. It has not given its consent. Therefore the state could not be sued by appellee for the damages, if any, caused him by the construction of this road. It is contended, therefore, that appellant could not be held responsible for any damages occasioned in the performance of the contract made with the state if that performance was without negligence and within the terms of the contract. That seems to be the general rule in this state. Schneider v. Cahill (Ky.), 127 S. W. 143, 27 L. R. A. (N. S.) 1009; Ockerman v. Woodward, 165 Ky. 752, 178 S. W. 1100, L. R. A. 1916A, 1005; Moss v. Rowlett, 112 Ky. 121, 65 S. W. 153, 358; Blue Grass Traction Co. v. Grover, 135 Ky. 685, 123 S. W. 264, 135 Am. St. Rep. 498.

All of the cases cited appear to have been suits against the contractor engaged in the construction of county roads, seeking to recover for personal injuries received on account of defects in the highway. Those cases settle the point that the agent of the county cannot be sued by reason of the construction of a county road in accordance with the plans and specifications of the

county. This case, however, is different in that the county in a proper state of case may be held responsible for the taking of private property for public purposes. Such cases stand on a different foundation. Section 242 of the Constitution of the state prohibits a municipal corporation, as well as any other corporation or individual, from taking private property for public use without making just compensation for the property taken, injured, or destroyed, which compensation must be paid before the taking. If the appellant had been constructing this road under the authority of the county and the result of what it did for the county amounted to the taking of the property of appellee, the county could be made to respond in damages, but it was not constructing the road under the authority of the county, but under the authority of the state, and the state cannot be made to respond in damages without its consent even for the taking of private property for public use, under the provisions of section 242 of the Constitution. It follows, therefore, that the appellant cannot be held responsible for the injury to appellee, because the state cannot be made to respond in damages. This, of course, would not prevent the appellant's being held responsible to appellee if the injury to him was caused by negligence.

It was not the duty of the state to provide the right of way for this road. Section 4356t-7, Ky. Stats., places the duty of acquiring the right of way upon the county. The material part of that section is as follows:

> "No portion of the cost of acquiring any necessary land or right of way, except a temporary right of way, nor any part of any damages incurred, awarded or paid, shall be paid out of the state road fund, but all cost of acquiring any necessary land or right of way and any damages incurred, awarded or paid shall be paid by the county out of its general fund."

This section imposes the duty of the county to obtain the right of way and to pay any damages incurred or awarded.

The question as to the liability of the county in cases such as this is not before us, as the action was dismissed without prejudice as to the county before judgment.

Cases against counties based upon such questions appear to fall within the rules announced in the case of

142

Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031, and the the case of Letcher County v. Hogg, 209 Ky. 182, 272 S. W. 423, and cases therein cited. A difference may exist between those cases and the one under consideration, but it would appear that the rules announced therein are applicable to the taking of private property by a county. We do not mean to decide that Floyd county took the private property of appellee, as that is a question which is not before us.

Counsel for appellee contend that there was enough evidence to carry the case to the jury on the question of negligence. We do not find any evidence in the record tending to show that appellant negligently constructed the road. It is suggested that a retaining wall should have been built after the removal of the natural lateral support to the land of appellee; but the contract that appellant had with the state is not shown to have required appellant to erect a retaining wall. The state highway department presumably knew the grade that was to be established and what would be necessary to establish it, and if it failed to require appellant to provide a retaining wall to protect the road against slip-ins, the negligence was not that of the contractor. It is also suggested that the contractor did not notify appellee that it was doing work which necessarily removed the lateral support to his land, but he lived 50 feet from the cut, and it can hardly be imagined that he did not know what was going on. We find no proof of negligence. If the proof should establish negligence on the part of the appellant the case should be submitted to the jury on that issue, but under the proof in the record, it should not have been submitted to the jury.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.