## Hall v. Ellis & Brantley.

(Decided March 20, 1931.)

B. M. LEE for appellant.

J. B. WALL for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Mrs. Sarah Hall owns a small farm, on which she resides, in Harlan county. The right of way for a state highway over her farm was acquired by proceedings had in the Harlan county court. The highway department entered into a contract with Ellis and Brantley for the construction of the road; they constructed the road, and

she then brought this suit against them, alleging in substance that they did not stay within the right of way so obtained, but went out beyond it on her land and threw rocks, dirt, and other material on her land and buildings and over her garden, destroying her fence and fruit trees. and damaging her in the sum of $750. The defendants answered denying the allegations of the petition and pleading that the work they did was all within the plans and specifications furnished them by the state highway commission under which the work was done. The affirmative matter in the answer was denied by reply, and at the conclusion of the evidence for the plaintiff the court peremptorily instructed the jury to find for the defendants. The plaintiff appeals.

The plaintiff's property lies on the side of a hill. The right of way through her land is part of the way 60 feet and part of the way 70 feet wide. Her house is on the upper side of the right of way and her garden is on the lower side of the right of way. The road was constructed by making a cut through the hill. The proof by the plaintiff and her witnesses was that in blasting out the roadway, rock was scattered all over the garden and sometimes past the garden, injuring the vegetables growing in the garden and also injuring her fruit trees. Some of these rocks were a foot and a half square, and were thrown 50 feet below the fence, or 83 feet from the center of the road, and also a lot of clay thrown over the garden, and her garden fence was torn down and left down. The garden was worth $150 and was destroyed, and the fruit trees were also broken and injured.

The peremptory instruction was apparently given under Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S. W. (2d) 303; but in that case the contractors had stayed within the right of way and had done nothing beyond the right of way. There was no negligence shown on the part of the contractors, and it is insisted that the same rule should apply here, as there was no evidence of negligence on the part of the contractors; but the contractors had only a right to enter upon the right of way, and when they went beyond the right of way they committed a trespass upon Mrs. Hall's property.

Appellees entering under their contract with the highway commission were without authority to go beyond the right of way which had been obtained in the condem-

nation proceedings. In Langehorne v. Turman, 141 Ky. 809, 133 S. W. 1008, 1010, 34 L. R. A. (N. S.) 211, the court in a case of a railroad right of way thus stated the rule:

"It seems to us that the correct rule is that where the blasting operations result in a direct trespass upon the premises injured by casting soil or rocks thereon, the liability of the company causing the injury is absolute, and it must respond in damages irrespective of the question of negligence or want of skill. In other words, the purchase of a right of way through a man's farm does not give to a railroad company the right to destroy the remainder of his farm by carefully blasting stones and other debris thereon. Where there is an actual invasion of another's premises in the manner pointed out, the act itself is a nuisance, and shows a negligent use of the right of way by the railroad company."

In Adams v. Sengel, 177 Ky. 535, 197 S. W. 974, 976, 7 A. L. R. 268, the appellant under a contract with the city of Louisville were blasting out the bed of Bear Grass creek to widen it and in doing so threw rock and debris on the appellee's premises to recover for which he sued them. Holding he was entitled to recover, the court said:

"The contention of appellants that the question of negligence on their part ought to have been submitted to the jury is not tenable. The blasting, in the instant case resulted in a direct trespass upon appellee's premises, and where such results in such direct trespass, by the casting of rocks or soil or other debris upon one's premises, the liability then becomes absolute, and no question of negligence or want of skill is involved."

To the same effect, see Langshorne v. Wilson, 91 S. W. 254, 28 Ky. Law Rep. 1181; Pine Mountain R. Co. v. Finley (Ky.) 117 S. W. 413; Lexington R. Co. v. Baker, 156 Ky. 431, 161 S. W. 228; Kentucky Traction Co. v. Grimes, 175 Ky. 694, 194 S. W. 1048; Happy Coal Co. v. Smith, 229 Ky. 716, 17 S. W. (2d) 1008.

The plaintiff may recover for the loss she suffered by reason of anything that was done beyond the right of way; but she cannot, under the proof, recover for what was done within the right of way. As shown by the

proof, at least part of the fence destroyed was within the right of way. The exact location of the lines of the right of way was not proven. How much, if any, of the fence was without the right of way, does not definitely appear, but on another trial the facts may be more definitely established.

Judgment reversed, and cause remanded for further proceedings consistent herewith.