# Combs v. Codell Construction Company.
## Smith et al. v. Same.
(Decided May 3, 1932.)

WOOTTON & WOOTON and H. H. SMITH for appellants.

D. G. BOLEYN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellants, W. A. Combs and Polly B. Smith and her husband, filed their respective suits for damages against the appellee, Codell Construction Company, a road building contractor, charging that it had wrongfully entered upon their land and land adjacent thereto and negligently, illegally, and wrongfully blasted and thrown rock, dirt, and debris into Troublesome creek, thereby filling up and diverting the regular channel and causing it to flow over and against their land, and to wash away the soil, fences, and improvements, to their damage. The Combs suit involved two tracts owned by him. The cases were tried together, and have been so appealed.

Only the issue of negligence was submitted to the jury, which returned verdicts for the defendant. It is urged that irrespective of negligence the court should have held the defendant liable for the invasion of the plaintiffs' property. The work was being done under contract with the state highway commission, and according to plans and specifications provided by it. At the three places involved, the creek flowed at the base of high cliffs, and it was necessary in each instance to blast

out a way in the side of the mountain for the road. The rock was thrown over the side, and the roadway built on the solid shelf and fill thus made. The appellant Combs, who is the county judge of Knott county, had conveyed to the highway commission, through what is called his upper tract, a right of way 80 feet wide where the road went around the curve above the creek. He testified that it was understood a retaining wall would be built along the edge of the creek to hold the fill made by the excavation and to keep it from obstructing the creek, but the road was moved back by cutting 10 feet deeper into the side of the mountain, and no such wall was built. It was shown that this was done under authority of the highway commission and in accordance with a modified plan. He built a retaining wall on his property about 4 feet high and 300 feet long at a cost of $840, but it has proved insufficient to relieve the condition altogether. His lower tract was damaged in the same way, but no wall had been built.

The Smiths' line was the center of the creek with its meanders. They had not conveyed any right of way. Judge Combs did not show where the location of the division line between his property and the right of way was with reference to the creek. The defendant introduced evidence proving that the right of way took in part of the creek at each place.

It was established by all the evidence that the excavated material thus placed caused the diversion of the water, and that the plaintiffs had suffered damage by reason thereof. But it was equally as well established that, except to a trivial extent, none of the material had been placed on plaintiffs' property. All the damage was caused by obstructing the water by rocks placed in that side of the creek within the right of way. Except in relation to the issue of negligence, the evidence is all one way, so the question is only one of law upon admitted facts.

The defendant denied negligence and claimed immunity from liability because it was but executing its contract with the highway commission and building the roadway according to plans and specifications provided by it. The immunity does not absolve the contractor from negligence in performing his contract. Taylor v. Westerfield, 233 Ky. 619, 26 S. W. (2d) 557, 69 A. L. R. 482. As stated, in these cases the issue of negligence was submitted to the jury, and no complaint is made here concerning that matter.

774

The appellants rely upon the authorities declaring that, where blasting operations result in a direct trespass by casting soil or rock upon another's premises, the responsible party must respond in damages, irrespective of the question of negligence. Langhorn v. Turman, 141 Ky. 809, 133 S. W. 1008, 34 L. R. A. (N. S.) 211; Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S. W. 974, 7 A. L. R. 268; Campbell v. Adams, 228 Ky. 156, 14 S. W. (2d) 418. That liability attaches to one engaged in road construction under contract with the highway commission where there is such a direct invasion beyond the right of way, since that was not contemplated by the contract. Hall v. Ellis & Brantley, 238 Ky. 144, 36 S. W. (2d) 850. But where the material does not go beyond the right of way the contractor is not liable for consequential damages to private property by reason of the road construction, since he is but the agent of a department of the commonwealth. Hunt-Forbes Const. Co. v. Robinson, 227 Ky. 138, 12 S. W. (2d) 303; Perry County v. Townes, 228 Ky. 608, 15 S. W. (2d) 521.

All the damage arose from obstructing the stream on the right of way in conformity with the specifications. This was recognized by the plaintiffs in the instructions offered by them. It was the structure erected under the plan that caused the damage. If that was a prudent and proper plan, and not an improper or unskillful one, perhaps the county would be responsible. Hunt-Forbes Construction Company v. Robinson, supra; Perry County v. Townes, supra; Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928. But that question is not now before us, since the county was not made a party to the suit. It is sufficient to say that under the evidence the only question of legal liability of the contractor was one of negligence.

Wherefore, the judgment is affirmed.