## CONSOLIDATED CONTRACTORS, Inc. v. WILCOXEN et al.

Court of Appeals of Kentucky.

Oct. 31, 1952.

430

Leon Seidman, Louisville, for appellant.

Davis, Boehl, Viser & Marcus, Louisville, Leslie W. Morris, Marion W. Rider, Frankfort, for appellees.

SIMS, Justice.

On this appeal the parties will be referred to as they appeared in the circuit court. Plaintiff was the building contractor and defendants were the plumbing contractors with the Commonwealth of Kentucky in the construction of a three-story dormitory at the Kentucky State College for Negroes in Frankfort. Plaintiff sued defendants for $3,698.20 damages caused by the alleged negligence of defendants in letting water escape from the plumbing in the basement and flooding it, damaging certain building material that plaintiff had stored there. At the conclusion of plaintiff's proof the court sustained defendants' motion for a directed verdict, which is the sole error assigned on this appeal.

There is no contrariety in the proof. It shows that before the windows and doors had been installed in the basement of the building, which prevented it from being locked at night, defendants brought into the "mechanical room" located in the basement a three-inch water line which they connected with a six-inch main of the City of Frankfort with a pressure of from 55 to 70 pounds a square inch. In this three-inch line was a gate-valve used to turn the water on and off by means of a wheel, which acted as a handle. The line beyond this gate-valve ran into a 500 gallon hot water tank and pipes led from this tank up through the ceiling of the room to, but not connected with, the various fixtures in the three-story building. There was a three-inch opening in the bottom of the tank. The gate-valve was all that prevented the water from flowing into the unplugged tank. Plaintiff did not use the three-inch line but brought a temporary one-inch line into the building to obtain water for its use and had kegs to provide water for its employees.

The last man seen in the "mechanical room" on the afternoon of October 25, 1948, was G. Clyde Wilcoxen, one of the defendants. At approximately 4:30 or 5:00 o'clock that afternoon Roger Crittenden, an employee of plaintiff, left the building and he testified there was no water in the corridor which adjoins and is about 16 inches higher than the "mechanical room". Gene Holloway, another employee of plaintiff, was the last man, as far as he knew, to leave the site of the building around 6:00 o'clock that afternoon and he noticed no water running in the building when he left. He testified he saw two Negro boys of college age on the second floor of the building just before he left.

Plaintiff's employees upon their arrival on the morning of October 26, 1948, found water running out of the corridor. Roger Crittenden went into the "mechanical room" where he found water coming from the bottom of the hot water tank and the three-inch gate-valve was "8 to 10 turns open". The "mechanical room" was filled to the level of the corridor and water was 10 to 12 inches deep in the corridor, flooding the entire basement and damaged plaintiff's building supplies stored there, as well as certain work they had done in the building.

The basis of plaintiff's argument that the court erred in directing a verdict in favor of defendants is that since the specifications in the plumbing contract did not state when the water was to be brought into the building, defendants were negligent in bringing in this high pressure line before the tank was plugged and the fixtures connected without safeguarding against defendants' employees, or any unknown per-

son, opening the gate-valve, which was easily foreseeable.

■ It is apparent from this brief resume of the evidence that defendants were not negligent in the manner and in the time in which they brought this water line in the building. True, the hole in the bottom of the hot water tank was not plugged and the fixtures were not connected with it, but defendants had the water controlled by the gate-valve, even though the line carried water under high pressure. Somebody deliberately turned this water on as the evidence shows the gate-valve was "8 to 10 turns open" on the morning the basement was found flooded.

■ Plaintiff argues that defendants should have capped the line, as prudent plumbers should have foreseen some third person might turn the valve and flood the building. The answer to that argument is that defendants are not liable for willful or negligent acts of third persons, which acts defendants had no occasion to anticipate or foresee. Noonan v. Sheridan, 230 Ky. 162, 18 S.W.2d 976. Had the proof shown children were playing around the building, or it was being visited by vandals or even irresponsible persons, a different question would have been presented.

■ Plaintiff further argues the fact that right after this basement was flooded defendants put a cap on the pipe shows they were negligent in not doing so when they first brought the three-inch line into the building. However, subsequently repairs, or actions to prevent a recurrence of an injury or damage, do not indicate previous negligence. Noe v. O'Neil, 314 Ky. 641, 236 S.W.2d 893; Ky. & W. Va. Power Corp. v. Stacy, 291 Ky. 325, 164 S.W.2d 537, 170 A.L.R. 1. After this occurrence had defendants not capped this pipe, there could have been a strong argument advanced that they were negligent had there been another similar flooding of the basement, since they could foresee or anticipate the vandals might return.

■ There is no merit in plaintiff's contention that defendants were negligent in bringing water into the building before the doors and windows were installed and before the hot water tank was plugged and the fixtures connected, although several plumbers testified as witnesses for plaintiff that good plumbing practices were not followed in bringing the water into the building while it was in this condition. Defendants did not violate the building specifications which were silent as to when the water would be brought into the building, and there was no evidence their work was done in a negligent manner. Had not some unknown third person deliberately turned on the water and left the gate-valve open, no damage would have resulted from defendants bringing the water in when they did. Where a contractor makes installations in conformity with the specifications of his contract, and there is no obvious defect in the specifications there laid down, and he is not negligent in the manner of doing the work, as a general rule he is not liable for damages resulting from such installation. 65 C.J.S., Negligence, § 95, p. 613; Hunt-Forbes Const. Co. v. Robinson, 227 Ky. 138, 12 S.W.2d 303; Taylor v. Westerfield, 233 Ky. 619, 26 S.W.2d 557, 69 A.L.R. 482.

The case of Beasy v. Schneider, 305 Ky. 586, 205 S.W.2d 162, has no application here. The question there was whether a plumber used the ordinary care and skill of his trade in testing a pipe to determine if it led to a sewer, or was a dead-end pipe, before connecting a sink with it. The evidence there was conflicting and made a question for the jury on that issue.

■ Plaintiffs must fail in their attempt to apply the res ipsa loquitur doctrine, as the gate-valve was not under the exclusive, or any, control of defendants when the building was flooded. Nor according to common knowledge do the circumstances create a clear inference that the flooding would not have occurred if defendants had not been negligent. Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974.

■ There is no evidence that the flooding of the basement was caused by defendants' negligence and the court properly directed a verdict in their favor.

The judgment is affirmed.