**AMERICAN HOME FIRE ASSURANCE COMPANY, Appellant,**

v.

**LOUISVILLE GAS & ELECTRIC COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1957.

---

William A. Miller, Raymond C. Stephenson, Louisville, for appellant.

Albert F. Reutlinger, Louisville, for appellee.

MONTGOMERY, Judge.

The American Home Fire Assurance Company, appellant, insured the house owned by James J. Hipple, Jr., and his wife against the hazard of explosion. Following a gas explosion, appellant paid the cost of repairing the damage. Appellant as subrogee of the Hipples, sued the Louisville Gas and Electric Company, appellee, to recover this cost. Judgment for appellee was entered after the return of a verdict in its favor.

Appellant contends that the appellee negligently installed a gas meter in the house, thus permitting leakage, and failed to odorize the gas so that its presence could have been discoverable. Appellee urges that the proximate cause of the damage suffered was the conduct of one Harlan J. Zirnheld in attempting to light the gas water heater and that appellant failed to show any negligence chargeable to appellee.

Zirnheld had constructed the house and sold it to the Hipples. The explosion occurred on Tuesday, June 6, 1950. On the preceding Saturday, employees of appellee had installed a gas meter in the utility room of the house. Following the installation of the meter, the house was closed tightly. All windows and doors were locked. The following Monday the owners were in the house for a short time, and upon departure left it closed.

The next day, Mrs. Hipple and her children returned to the house in the early afternoon. No part of the house except the front door was opened. Mrs. Hipple decided to wash some dishes so she sent her small son to get Zirnheld to light the water heater. He was working at another house down the street.

Zirnheld was not a licensed plumber and had had no previous training in handling gas. He had been engaged in the contracting business for little more than a year.

Upon arrival at the Hipple house, Zirnheld went to the utility room. Prior to attempting to light the heater, he undertook to disconnect or loosen the line pipe leading directly from the street main at its connection or union with the meter. His stated purpose was to bleed air from the gas line so that he would have no difficulty in lighting the heater. No attempt was made to learn if the line had been bled previously or if there was gas present in the pipe leading directly into the main which he opened. The gas pipe was opened sufficiently to cause a hissing noise and remained open about sixty seconds. Zirnheld then tightened the union. No examination was made to see if the sealing gasket

at the union had become wrinkled, thus permitting leakage of the gas. He then struck a match to light the heater and the explosion occurred. The house was damaged severely, both inside and outside.

The proof for appellee showed that a 5% to 14% mixture of gas with air, by volume, becomes an explosive mixture. A lesser mixture than 5% is not explosive. A greater mixture than 14% will burn but will not explode. The flow of gas at the meter in question was shown to have been about 25 to 30 cubic feet per minute. The utility room was approximately 280 cubic feet in size. An expert witness testified, in substance, that an explosive mixture of gas was created in the utility room which resulted in a pocket explosion upon ignition. He also said that an explosion resulting from the house being full of gas would have demolished the building, leaving only the foundation.

It is unnecessary to determine whether the proof established any negligence on the part of appellee. The conduct of Zirnheld in loosening the gas union, permitting gas to escape, and attempting to light the heater was the immediate and proximate cause of the damage. Zirnheld was not an agent or servant of appellee's and was not shown to have had any connection by which his negligence could have been attributed to appellee. The negligence of Zirnheld would have been an intervening cause. If it be assumed that appellee was negligent, Zirnheld's conduct superseded any negligence chargeable to appellee. The motion for a directed verdict made by the appellee at the conclusion of all of the proof should have been sustained.

The principles governing this case are fully discussed in other cases involving similar factual situations. See Consolidated Contractors v. Wilcoxen, Ky., 252 S.W.2d 429; Bishop v. Walker, 294 Ky. 590, 172 S.W.2d 224; Morton's Adm'r v. Kentucky-Tennessee Light & Power Co., 282 Ky. 174, 138 S.W.2d 345; Sutton's Adm'r. v. Kentucky Utilities Co., 245 Ky.

470, 53 S.W.2d 711. See also Restatement of the Law, Torts, Volume 2, Sections 440–442, pages 1184–1189; 38 Am.Jur., Negligence, Section 68, page 724.

The question of the legal status of Zirnheld as agent, servant, or independent contractor with reference to appellant is immaterial. It was shown that he had no connection with appellee, which is the pertinent issue. Our decision eliminates the necessity of discussing the correctness of the instructions.

Judgment affirmed.