**Chester L. RIGSBY, Adm'r of the Estate of Kathryn M. Kusza, Deceased, et al., Appellants,**

**v.**

**BRIGHTON ENGINEERING COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1970.

Rehearing Denied April 2, 1971.

W. R. Gentry, Jr., Bardstown, Theodore Wurmser, Wm. Loraine Mix, Louisville, for appellants.

William A. Young, Frankfort, for appellee.

STEINFELD, Judge.

The appellee, Brighton Engineering Company (hereinafter Brighton), was the engineering consultant to the Kentucky Department of Highways in the design of the Bluegrass Parkway. At a point where U.S. Highway 150 crosses over that parkway in Nelson County, Brighton designed bridge piers, one of which was located 11 feet 2 inches north of the northernmost extremity of the westbound traveling lane. That pier was erected according to the de-

sign plan. On July 16, 1966, Mr. and Mrs. Lewis J. Kusza, Jr. and their three children were proceeding in that lane in their family automobile when for some unexplained reason it left the traveled portion of the parkway, crossed the emergency stopping lane and collided head-on with the concrete pier just mentioned. It is uncertain as to whether the automobile was being driven by Mr. or Mrs. Kusza. All five occupants of the car were killed.

Appellant, Rigsby, was appointed administrator of the estates of Mr. Kusza and the three children. He brought suit against appellee, Brighton, the estate of Mrs. Kusza and against other parties. The action against Brighton was predicated on the claim that " * * * Brighton was negligent in the exercise of professional skill in consulting, planning, design, supervision and construction of said toll road in reference to its duty to the traveling public, including" the plaintiffs in this action. The specific issue was that it had failed to recommend that a guardrail be erected to prevent motor vehicles from colliding with the bridge pier.

The suit against the estate of Mrs. Kusza was settled and dismissed " * * * without prejudice to the rights of * * * Rigsby as administrator * * * to proceed * * * against Brighton * * *" and certain other defendants. A summary judgment dismissing the action as to all defendants was entered. The administrator appeals only as to Brighton. We affirm.

In granting summary judgment dismissing as to Brighton the trial court reasoned that the sole cause of the accident was the negligence of the driver of the vehicle and that Brighton was not negligent in failing to specify or recommend that a guardrail be placed around or adjacent to the bridge pier.

In support of its motion for a summary judgment the movant filed affidavits of the driver and occupant of a vehicle which was traveling behind the Kusza car in which the affiants stated that the highway at that point was straight and that the two cars had come over the top of a rise from which the overpass was visible for at least a quarter of a mile; that when the Kusza car was approximately 200 feet ahead of affiant's automobile it " * * * started a very gradual angle back toward the outside southbound traveling lane * * * toward the right hand side of the road (when) it was at a distance of approximately 200 yards from the overpass." These affiants also stated that the gradual turning angle to the right never changed and that it continued directly toward the concrete pier until the auto collided with it.

Other affidavits were filed which Brighton contends showed that it had no " * * latitude, responsibility or discretion in * * *" recommending " * * * the installation of metallic guardrails or barriers around this and similar structural features." One of these was the affidavit of the assistant project management engineer of the Kentucky Department of Highways. He stated that the design criteria in effect at the time Brighton prepared its plans " * * did not require the installation of guardrails around bridge piers; (that) * * * Engineers, both consulting and section, who prepare plans for the construction of highways for the Department of Highways of the Commonwealth of Kentucky are required to comply with the standard drawings and design criteria furnished to them by the Department of Highways. Such is true with respect to the location of bridge piers and guardrails. They have no discretion to alter, change or deviate therefrom in any material respect."

To counter, the administrator filed an affidavit of a respected civil engineer with excellent qualifications in which he stated that advising, recommending and designing installation of guardrails at this point was reasonably necessary " * * * to protect the traveling public from the danger of collision with bridge piers located as close to the traveled portion of the highway as * * *" the one with which the Kusza car collided. He also stated that the draw-

ings should have incorporated " * * * the safety features set forth in 'geometric designed standards for federal aid—secondary, primary and urban projects', approved February 18, 1963 * * *". He said that in " * * * affiant's opinion, based on scientific principles, that had pier number 90.125 H G8 been properly guarded with a guardrail as recommended by the American Association of State Highway Officials * * *, the guardrail would have safely deflected the car outward at the same angle as the angle of approach with dented fenders and body panels and no serious injury to its occupants."

The affidavits filed by the administrator to resist the motion for summary judgment did not respond to the statement that the design criteria adopted by the Commonwealth and its practices did not permit any deviation. In appellant's brief counsel states: "Appellee Brighton Engineering Company was the consulting engineer to the Kentucky Department of Highways in the design of the entire Bluegrass Parkway. Brighton specified in its engineering drawings that no guard-rail (sic) should be placed adjacent to or around the particular bridge pier which was struck by the Kusza automobile, because the design standards and criteria of the Department of Highways specified that none should be located adjacent to or around that bridge pier."

The Commonwealth, Department of Highways has a staff of engineers with wide experience and expertise in the design and construction of highways. It had adopted criteria which were binding upon Brighton. It appears a recommendation that guardrails be installed at this point would have been futile as well as contrary to the directions of the Commonwealth. Under these circumstances it cannot be said that Brighton's failure to recommend guardrails was negligent. Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S.W.2d 303 (1928); Combs v. Codell Construction Co., 244 Ky. 772, 52 S.W.2d 719 (1932). Cf. Sherman v. Miller Construction Co., 90 Ind.App. 462, 158 N.E. 255 (1927), and Smith v. Goff, Okl., 325 P.2d 1061 (1958).

The judgment is affirmed.

HILL, C. J., and MILLIKEN and PALMORE, JJ., concur.

NEIKIRK, OSBORNE and REED, JJ., concur in the result only.

A separate concurring opinion has been issued by REED, J., concurred in by NEIKIRK and OSBORNE, JJ.

REED, Judge (concurring).

I reluctantly concur in the result reached; the majority opinion, however, does not discuss fundamental problems of law presented by this case.

In the first place, this court has been very reluctant to approve the dismissal of negligence actions by the summary judgment device. It is only in exceptional cases that negligence actions are susceptible of disposition by summary judgment.

In the second place, the ground of the majority decision is one only briefly alluded to in a single sentence in the appellee's brief. The principal contention of the appellee is that there is no duty to place a guardrail around a bridge pier. The other defense asserted is that the evidentiary material demonstrated that the proximate cause of the harm was not improper design.

Three children who were legally incapable of negligence are dead because they were passengers in a car using a modern toll road which is held out to the motoring public as safe for much higher speeds than is prudent on older roads of less sophisticated design.

It is undisputed that appellee, Brighton Engineering Company, was the consultant engineering firm which was employed by the state Department of Highways to de-

sign the road at the locale of the accident. The Restatement of Torts Second, Sec. 324 A, states that one who undertakes for a consideration to render services to another which he should recognize as necessary for the protection of a third person is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if his failure to exercise reasonable care increases the risk of such harm.

A well qualified engineer stated in affidavit that design requiring guardrails at the place of collision was reasonably necessary to protect the traveling public. He also stated that the design did not comply with national standards. He finally undertook to assert that had the bridge pier been properly protected in accord with design standards of a national society of state highway officials, the guardrail would have safely deflected the car with no serious injury to the occupants.

The appellee relies on cases that do not undertake to decide the issue of the extent of liability of a professional engineer who holds himself out as skilled in the design of modern multilane, high-speed toll roads. While no one is under a duty to design an accident-free road, it is open to serious question that the only duty is not to design a road containing a concealed hazardous condition. When one holds himself out as professionally expert in design, the law may require of him a standard of skill commensurate with the attendant circumstances which doubtless include the extent of the claim of expertise and the risk of harm to third parties by failure to perform skillfully.

Up to this point, it is apparent to me that summary judgment was inappropriate and denied a full-blown trial where all the facts could be developed and assessed. It certainly appears that a showing of a negligent design was made sufficient to create a trial issue. There was also evidence that a reasonably skillful design would have prevented the harm.

Nevertheless, it is undisputed that the state Department of Highways in effect directed that no guardrail be located at this place. It is also undisputed that had appellee designed the road at this point in the fashion described as proper by appellant's expert engineer the guardrail would have been omitted by direction of the Department of Highways.

Why a state highway department would employ an expert consultant engineer to design a modern, high-speed toll road and then tie his hands as to proper design for the safety of the traveling public in accordance with the practices and knowledge of his profession is unexplained. It would appear that either the highway department, having assumed control of design, should complete the design function without the expense of outside experts or it should leave to the outside expert the responsibility for proper design. In any event, the Department of Highways, which has the cloak of sovereign immunity, states in this case, through its engineeer, that it was responsible for the condition in question. Therefore, it would necessarily follow that the negligence present, if any there was, was that of the Department of Highways which assumed the role of designer so far as the condition in question was concerned. Hence, appellee was properly exonerated only because it did not design the claimed dangerous condition, the Department of Highways did.

NEIKIRK and OSBORNE, JJ., join in this concurring opinion.