Donald RICHMOND, Administrator of
the Estate of Peter Richmond,
Deceased, Appellant,

v.

LOUISVILLE AND JEFFERSON COUN-
TY METROPOLITAN SEWER DIS-
TRICT, the Kentucky Engineering Com-
pany, W. George Keat, Jr., Holloway &
Son Construction Company, Inc. and En-
gineering Services, Inc., Appellees.

Court of Appeals of Kentucky.

Dec. 23, 1977.

Original Opinion Withdrawn and
Reissued June 23, 1978.

Discretionary Review Denied
Nov. 14, 1978.

Jack L. Richardson, Jr., Jack L. Richardson, III, Allen P. Dodd, III, Louisville, for appellant.

Robert G. Breetz, Robert G. Stallings, Marshall B. Woodson, Jr., Louisville, for appellees.

Before MARTIN, C. J., and HOGGE and VANCE, JJ.

HOGGE, Judge.

This is an appeal from a summary judgment entered in favor of appellees, defendants below. The lower court found that the plaintiff's decedent had been contributorily negligent as a matter of law.

Appellees have asserted several other grounds upon which summary judgment could properly have been granted. It is the duty of the reviewing court to consider all the grounds raised, and to affirm the judgment if it should properly have been entered on any of the grounds raised.

On July 18, 1972, an unusually hard rainfall caused a large pool of water to collect in, and overflow a drainage ditch that flowed through the backyards of several houses in the Plantation Hills Subdivision. The ditch terminated at a vertical culvert designed to direct the flow of water through a pipe under Rhett Court to an outlet on the opposite side of the street. However, on the day in question, the amount of water was more than the culvert and pipe could accommodate, and the water flowed over the top of the culvert, through the lawn, and onto the street.

The submerged culvert was not visible from the surface. Some time after the rain, the decedent and other children were riding rafts or tubes on the pool that had collected behind the culvert. While engaged in this activity, the decedent, a fourteen-year-old boy, was sucked through the open culvert into the pipe where he drowned.

The decedent's father brought this action alleging that the drainage system had been defectively designed and constructed. Upon the defendants' motion, the trial

court entered a summary judgment, finding that the decedent had been contributorily negligent as a matter of law.

Under CR 56.03, summary judgment is proper only where there is no issue of material fact. The deposed testimony of experts was directly contradictory on the issue of whether there would have been any visible turbulence that could have alerted the children to the danger at the entrance to the culvert. Therefore, summary judgment was proper only if it may be said that a fourteen-year-old boy is contributorily negligent as a matter of law by playing in a pool of water that had collected.

In the absence of any visible warning that a tremendous suction force was operating within the pool, such a body of water would present little danger to one who, like the decedent, was an experienced swimmer. The law in this respect was set forth in *Beam v. Calvert*, Ky., 277 S.W.2d 35, 37 (1955). The court stated:

> It is fundamental . . . that " 'contributory negligence is not imputable to anyone for failing to look out for danger which he has no reasonable cause to apprehend.' " It is true one is required to foresee and provide against what *usually* happens and what is liable to happen, but one is not bound to guard against what is *unusual* and *unlikely,* or what, as it is sometimes said, is only remotely probable. [Emphasis ours.]

The court went on to state:

> Even where one has exposed himself to a *known* danger, before he will be found to have been guilty of contributory negligence as a matter of law and a recovery denied on such basis, the danger must have been so *imminent* and *obvious* that a person of ordinary prudence, under like circumstances and with like knowledge, would not have subjected himself to it. [Emphasis ours.]

Applying the above law to the case at hand, we must ask ourselves the following questions: Did the decedent have reasonable cause to apprehend the danger of being sucked into the culvert? Was this something that usually happens, or was it something that is unusual or unlikely? Was the danger of being sucked into the culvert "imminent and obvious?"

As a matter of common knowledge, the incidence of drowning as a result of being sucked into a culvert is rather low, and would have to be termed unusual rather than usual. Whether the danger was so "imminent and obvious" as to give rise to a reasonable apprehension of the danger, is an issue of fact on which there was contradictory testimony.

Experts, David T. Y. Kao and David K. Blythe, stated in their report that "the enormous magnitude of drag (suction) force will be invisible and will be beyond the recognition of an ordinary person." Another expert, David L. Daugherty, reported that there would have been turbulence over the entrance to the culvert.

■ Whether this turbulence existed and whether such turbulence, if any, would have been sufficient to alert an ordinary and prudent fourteen-year-old child to the danger, are questions of fact to be decided by the trier of fact. Thus, we are of the opinion that it was error to grant summary judgment on the basis of the conclusion that the decedent was contributorily negligent as a matter of law.

■ However, it is well settled that a correct decision will not be disturbed merely because it was based upon incorrect grounds. *Haddad v. Louisville Gas and Electric Company*, Ky., 449 S.W.2d 916 (1969).

This court is of the opinion that a summary judgment in favor of two of the defendants was proper on grounds other than the plaintiff's contributory negligence.

First, with respect to appellee, Louisville and Jefferson County Metropolitan Sewer District, this court is of the opinion that this action is barred by governmental immunity. The law concerning municipal immunity is influx, and recent opinions have not been totally consistent. However, all the cases indicate that sovereign immunity still exists, although limited in scope.

**604**

In the case of *Gnau v. Louisville and Jefferson County Metropolitan Sewer District*, Ky., 346 S.W.2d 754 (1961), it was held that the Sewer District is an agency of the state, and is cloaked with governmental immunity.

In *Haney v. City of Lexington*, Ky., 386 S.W.2d 738 (1964), the court stated that it was no longer necessary to consider whether the activity was governmental or proprietary. However, in *City of Louisville v. Louisville Seed Company*, Ky., 433 S.W.2d 638 (1968), the court stated at page 643:

It has been held in other jurisdictions that a municipality shall be liable in those situations where a private person would be liable. . . . A different situation arises when a claimant seeks to hold the city liable for a risk which is inherently part of the carrying on of the *function of government*, such as its failure to provide fire protection, police protection or, as here, flood protection. We refer only to the ultimate failure and not to the situation where the city is engaging in activities with the citizen on a person to person basis as any other private citizen might do. Where the act affects all members of the general public alike, it would be unreasonable to apply to it the broad principles of tort liability for the reasons previously stated in this opinion. *But, when the city, by its dealings or activities, seeks out or separates the individual from the general public and deals with him on an individual basis, as any other person might do, it then should be subjected to the same rules of tort liability as are* generally applied between individuals. This, *likewise, is true* when the negligent act of the city per chance falls upon the *isolated citizen as distinguished from the general public. When that act does not involve the ultimate function of government,* the city should be required to respond in damages. This is true without regard to whether the function would have been classified as proprietary or governmental under our old classifications. [Emphasis ours.]

Therefore, government immunity still exists where the activity involved the ultimate function of government, unless the city was dealing with the injured party on an individual basis. Furthermore, even where the activity does not involve the ultimate function of government, the city is liable only if the city's negligence resulted in injury to isolated citizens rather than to the general public.

This is a rule that seems quite close to the earlier distinction based on whether the activity was governmental or proprietary. More recently, the court has skirted the issue of governmental immunity and held the city not liable for damages to citizens on the basis that the city owed no duty to the injured party; thus, there was no negligence. *City of Russellville v. Greer*, Ky., 440 S.W.2d 269 (1969), *Frankfort Variety, Inc., et al. v. City of Frankfort*, Ky., 552 S.W.2d 653 (1977). However, we are of the opinion that the case should be resolved under the principles laid down in *Louisville Seed Company, supra.*

In the present case, it has been proven that the Louisville and Jefferson County Metropolitan Sewer District has assumed an ultimate function of government by providing sewer services. As shown in this case, all construction plans for sewers require prior approval by the MSD. Further, MSD requires the acceptance by the District for maintenance purposes after sewers are constructed. In cases where an ultimate function of government has been proven, according to *Louisville Seed, supra,* a citizen may recover only if the governmental agency dealt with him on an individual basis. Here, it was neither alleged nor proven that the sewer district dealt with the appellant on a personal basis.

Therefore, we hold that summary judgment dismissing the claim against the Louisville and Jefferson County Metropolitan Sewer District was proper, on the grounds of sovereign immunity.

With respect to the claim against Holloway and Son Construction Company, Inc., this court is of the opinion that sum-

mary judgment should properly have been entered on the grounds that the action is barred by the statute of limitations.

Holloway was not named on the original complaint. However, the complaint was subsequently amended to supplant appellee for a "John Doe" defendant named in the original complaint.

CR 4.15 allows an action to be filed against an unnamed defendant. However, it requires that the complaint describe the unnamed party. The appellant's complaint did not describe the "John Does" by function or relationship to the plaintiff's claim or in any other manner.

Furthermore, CR 4.05 provides that an unknown defendant shall be the subject of constructive service of process. However, KRS 454.165 provides that the court can not achieve in personam jurisdiction over persons who are the subject of constructive service of process. Therefore, even had the appellant described the defendant, the court could not have achieved jurisdiction over his person until long after the statute of limitations had run.

■ Appellees, W. George Keat, Jr. and the Kentucky Engineering Company, claim that they are entitled to summary judgment on the grounds that the record fails to show any negligence on their part. However, after reviewing the record, this court is of the opinion that there is a sufficient question of fact on this issue to preclude summary judgment.

Keat and Kentucky Engineering designed and submitted the plans for the construction of the culvert in which the decedent drowned. There was expert testimony that the system was negligently designed. The experts were of the opinion that the culvert pipe was too small to function adequately; that it was not designed with proper concern for human safety; and based on this record, the catch basin did not comply with accepted standards of design or construction. It was the experts' conclusion, therefore, that a trap was created and contributed to the failure of the system.

The judgment as to appellees, Louisville and Jefferson County Metropolitan Sewer District and Holloway and Son Construction Company, Inc. is affirmed, and reversed as to appellees, W. George Keat, Jr. and Kentucky Engineering Company, and is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion.

VANCE, J., concurs.

MARTIN, C. J., concurring in part and dissenting in part.

MARTIN, Chief Judge, concurring in part and dissenting in part.

I agree with so much of the decision as affirms the dismissal of the claim against the Louisville and Jefferson County Metropolitan Sewer District and Holloway & Son Construction Company, Inc. I would, however, go further and dismiss the complaint as to W. George Keat, Jr., and Kentucky Engineering Company.

The majority opinion places great weight upon the report of David T. Y. Kao and David K. Blythe. The argument advanced and further supported by another expert, David L. Daugherty, is that the culvert was improperly designed by W. George Keat, Jr. I read these reports differently. I further believe that because the trial court did not rely upon them in making his determination, we should not give them the credence that the majority opinion gives them. These reports are unsworn, and the witnesses have not been cross-examined. I believe that it is too early to reach the conclusion that there was a defect in the design of the culvert.

The record shows that Keat, an employee of Kentucky Engineering, was the initial design engineer for the project. This design prepared by Keat was approved by Louisville and Jefferson County Metropolitan Sewer District before the construction of the culvert began. With this approval by the Sewer District, I believe that any liability on the part of Keat individually for negligent design was extinguished. Responsibility for the design now rests with

the Sewer District. At this point, Keat is entitled to any defense available to the Sewer District, including governmental immunity.

The record goes even further, and establishes that not only was Keat not paid for his engineering services, but he did not supervise any of the construction in the project. The reports indicate that if, in fact, the design of the culvert was defective, the construction of the culvert also was defective. Because Keat had no opportunity to supervise the installation and construction of the culvert and lines leading into the culvert, I do not believe that we can hold him as the only defendant. As pointed out in *City of Louisville v. Padgett*, Ky., 457 S.W.2d 485 (1970), changes made during construction at the direction of the public agency for whom the work is being done does not constitute negligence on the part of the contractor.

The court in *Sherman v. Miller Construction Co.*, 90 Ind.App. 462, 158 N.E. 255, 256 (1927), best answered the dilemma which we now face in the present case:

> . . . It would, indeed, be a strange rule of law which would excuse the act of the official in passing upon said plans and adjudging them sufficient, and yet would hold the person who drew such plans liable in damages, because of an alleged incompleteness therein, to some person who might be injured as a result of a building having been built according to such incomplete plans, . . .

I would, therefore, affirm the judgment of the trial court or, in the alternative, remand the case to the circuit court to resolve the issue of design negligence.