RENDERED: OCTOBER 16, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1335-MR

KENNEY CROSS AND
KELLI HOFFMAN                                                        APPELLANTS

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 16-CI-03358

L-M ASPHALT PARTNERS, LTD.
d/b/a ATS CONSTRUCTION; AND
L-M HOLDINGS, INC.                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

ACREE, JUDGE: Kenney Cross and Kelli Hoffman (Appellants) appeal the

Fayette Circuit Court's August 27, 2019 order granting summary judgment in

favor of L-M Asphalt Partners, Ltd. d/b/a ATS Construction and L-M Holdings,

Inc. (ATS). We affirm.

# BACKGROUND

The Commonwealth of Kentucky Transportation Cabinet Division of Construction Procurement (KYTC) contracted with ATS to perform a road construction project. The contract required that "[a]ll work performed and materials furnished shall be in accordance with the Department of Highways Standard Specifications for Road and Bridge Construction . . . ." ATS was to perform the construction contract in phases. Construction was in Phase 6B when the events giving rise to this action occurred.

On August 1, 2015, Gonzalo Portillo was driving a Chevrolet Trailblazer on Versailles Road. He made a left turn onto New Circle Road and collided with Appellants' motorcycle as it approached from the opposite direction. Appellants were seriously injured.

At the time of the accident, there were three barrels at the nose of the median at this intersection. During this phase of construction, the contract and construction documents required barrels to be used to redirect the flow of traffic and to taper, or narrow, the lanes. This moved traffic away from the median at the intersection and allowed construction safely to take place there. Barrels were required under the contract documents, in part, because of their high visibility.

Appellants sued ATS for negligence claiming the barrels created a line-of-sight problem for motorists and identified this as the cause of the subject

collision.  After discovery was had, ATS moved for summary judgment.  Citing appropriate authority and establishing by the record that ATS's actions were in strict compliance with the contract and construction specifications, ATS claimed it was entitled to sovereign immunity.  The circuit court agreed and granted summary judgment.  This appeal followed.

## STANDARD OF REVIEW

"The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is 'no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'"  *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (quoting Kentucky Rules of Civil Procedure (CR) 56.03). Because summary judgment does not require findings of fact but only a determination there is insufficient evidence to create a genuine issue as to a material fact necessary to a claim, we review summary judgments *de novo*.  *Id.* (citing *Malone v. Ky. Farm Bur. Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)).

## ANALYSIS

"[T]he general rule is that a contractor cannot be held liable if it complied with the plans and specifications laid out by the government entity in the construction contract . . . ."  *Gilbert v. Murray Paving Co., Inc.*, 147 S.W.3d 736, 741 (Ky. App. 2003).  Though this is the general rule, "immunity does not absolve

the contractor from negligence in performing his contract." *Combs v. Codell Const. Co.*, 244 Ky. 772, 52 S.W.2d 719, 720 (1932). That is to say, "[w]here a contractor makes installations [such as the placement of barrels in the instant case] in conformity with the specifications of his contract . . . and he is not negligent in the manner of doing the work, as a general rule he is not liable for damages resulting from such installation." *Consolidated Contractors v. Wilcoxen*, 252 S.W.2d 429, 431 (Ky. 1952).

ATS's motion for summary judgment placed upon Appellants an obligation to direct the circuit court to evidence in the record that ATS's placement of the barrels was negligent because it was not in conformity with the government's requirements. That motion was supported by proof that KYTC agents directed where and how barrels were to be placed, and further proof that ATS placed barrels where and how those KYTC agents directed. Appellants failed to present evidence to contradict that proof.

Appellants did present evidence that a barricade was originally in place that presented a line-of-sight problem for motorists and that the barrels ordered to replace them presented essentially the same problem. Appellants also presented expert testimony critical of various other aspects of the government's construction design or management of its contract. Experts said it would have been better to use cones or other traffic control devices such as tubular markers,

rather than barrels. But the record shows the use of barrels was required at this location and the use of cones or tubular markers was prohibited.

Appellants pointed to communications from the representative of a nearby neighborhood association to the KYTC Section Engineers noting there was a problem at the intersection, and that the information was relayed to ATS. Critical in the circuit court's analysis of ATS's motion, however, is that the record showed KYTC conducted daily inspections of the worksite and never directed the removal or repositioning of the barrels.[1]

This evidence challenged KYTC's planning and oversight of the construction as negligent, but it does not refute the proof that ATS performed its duty in conformity with the government's contract.

In *City of Louisville v. Padgett*, Kentucky's highest court discussed the scope of a contractor's liability when performing a highway construction pursuant to plans and specifications mandated by the Commonwealth:

> Ordinarily one contracting with the sovereign Commonwealth of Kentucky who performs his contract in conformity with the plans and specifications of the contract will not be held liable for injury to the public in the absence of a negligent . . . or a wilful [sic] tortious act . . . .

---

[1] Appellants point to testimony by the KYTC engineer that ATS did not need permission from KYTC to reposition or remove barrels. However, as ATS notes, this testimony refers to a reconfigured barrel placement after the intersection was relocated to allow for advancing construction.

457 S.W.2d 485, 488 (Ky. 1970). Then, quoting an opinion by the Tennessee

Supreme Court with approval, the Court explained the rationale of the rule upon

which the circuit court in the instant case based its summary judgment, saying:

> It seems to us that as a practical matter, in the construction of public improvement, that the contractor shoudl [sic] be relieved from checking every order given it by the public authority. The State for whom the contractor works does the engineering, stakes out the project, tells the contractor what to grade and what to do and so long as the contractor complies with these instructions by its superior then the contractor is fulfilling its obligation. If the contractor was required, at its peril, to check and double check all plans given it and required to keep an engineering force for the purpose of interpreting these plans, and was not permitted to follow the orders of the engineering force of its superior, then the costs of public improvement would be so increased as to make them almost prohibitive. The purpose of having the State engineering department for these public improvements is to lay out these projects and to tell the contractor where to do its work. The contractor's work is not the engineering job of laying out the project but is merely in doing what it is instructed to do. So long as it does this work as it is instructed to do by its superior in a workman like manner, not negligently, then the contractor is not liable.

*Id.* at 489-90 (quoting *Wood v. Foster & Creighton Co.*, 191 Tenn. 478, 235

S.W.2d 1 (1950)).

The circuit court heard testimony from multiple individuals that ATS

placed the barrels in accordance with KYTC instructions and the plans. The duty

ATS owed was to perform the construction in conformity with the terms of its

contract and to complete the construction work pursuant to the plans provided by

KYTC.  The evidence demonstrates ATS satisfied that duty.  Appellants failed to present evidence to create a genuine issue to the contrary.

Based on the foregoing reasons, the order of the Fayette Circuit Court granting summary judgment in favor of ATS is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Hans G. Poppe, Jr.
Louisville, Kentucky

D. Todd Varellas
Lexington, Kentucky

BRIEF FOR APPELLEES:

William H. Partin, Jr.
Lexington, Kentucky