## Johnson et al. v. Kentucky-Virginia Stone Co.

March 4, 1941.

**2**

Golden & Lay and Daniel Boone Smith for appellants.

Davis, Gilbert & Edwards for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming in part and reversing in part.

J. B. Johnson brought an action against the Kentucky-Virginia Stone Company in the Bell circuit court to recover damages for the alleged desecration of his daughter's grave. He alleged, in substance, in his petition that his daughter, Rosie Johnson, died on February 19, 1915, at the age of three years, and was buried in what is known as the Barnett, or Yellow Hill Cemetery located near a highway leading from Middlesboro to Pineville; that in October or November, 1938, the defendant, while engaged in constructing a highway between Middlesboro and Pineville, negligently, carelessly, and willfully destroyed his daughter's grave without first removing the casket and remains therefrom, and without notifying the plaintiff or affording him an opportunity to remove the casket. The defendant demurred specially to the petition on the ground that there was a defect of parties in that the petition failed to show whether the mother of Rosie Johnson, deceased, was living or dead. Thereupon, Mrs. J. B. Johnson, wife of J. B. Johnson and mother of Rosie Johnson, deceased, filed an intervening petition in which she adopted all the allegations of the petition, and asked to be made a party plaintiff. Thereafter, Mrs. J. B. Johnson and her eight children, brothers and sisters of Rosie Johnson, deceased, filed an intervening petition seeking to be made plaitiffs. Upon the motion of the defendant, the court struck from the record this second intervening petition because (1) an intervening petition for and on behalf of Mrs. J. B. Jonhson had theretofore been filed; and (2) the other intervening petitioners, to

wit, the brothers and sisters of the deceased, Rosie Johnson, were not necessary or proper parties plaintiffs in the action. The intervening petitioners objected and excepted, and have appealed.

The defendant filed an answer to the petition of J. B. Johnson and the intervening petition of Mrs. J. B. Johnson, the first paragraph of which was a traverse. In paragraph 2 of the answer the defendant alleged, in substance, that at the time the wrongs complained of in the petition and intervening petition were alleged to have been committed it was engaged in the construction of the Pineville-Middlesboro road from a point approximately four miles south of Pineville and extending into Middlesboro, a distance of approximately 7.309 miles, under the terms and provisions of a contract made and entered into September 1, 1938, between the Commonwealth of Kentucky, by and through its agent, Department of Highways, acting in its official capacity, party of the first part, and the defendant, party of the second part; that on June 18, 1938, party of the first part obtained from R. W. Barnett, then owner of the land, a deed conveying to the Commonwealth of Kentucky a right of way and easement, together with the right and authority to enter upon said land and grade, drain, and construct said road; that during all of the times complained of the defendant was engaged in doing and performing the work and labor required of it under said contract, and in strict conformity with the plans and specifications prepared by the Commonwealth of Kentucky, through its agent the Department of Highways; that if the remains and body of the deceased, Rosie Johnson, or the casket containing the remains and body was mutilated or at all injured, all of which defendant denied, any and all of said disturbances, mutilations, and injuries occurred upon said right of way and in doing and performing said work and labor under said contract and not otherwise; that at all times complained of in the petition and intervening petition it was acting as the agent of the Commonwealth and its Department of Highways; and that the plaintiffs were not entitled to recover of the defendant for any of the alleged wrongs complained of in the petition. Paragraph 3 of the answer was a plea of contributory negligence. The plaintiffs filed a reply traversing the allegations of paragraph 3 of the answer, but elected to stand on their de-

murrer to paragraph 2 and refused to plead further thereto. The court adjudged that the allegations in paragraph 2 of the answer be taken as true and confessed, and dismissed the petition and the intervening petition. The plaintiffs, J. B. Johnson and Mrs. J. B. Johnson, have appealed.

The propriety of the court's ruling in striking from the record the intervening petition of the brothers and sisters of Rosie Johnson, deceased, and in overruling the demurrer to paragraph 2 of defendant's answer are the questions presented on this appeal.

Concerning the first question, little need be said. Appellants cite North East Coal Company v. Pickelsimer, 253 Ky. 11, 68 S. W. (2d) 760, 763, in support of their contention that the brothers and sisters of Rosie Johnson, deceased, may maintain an action for the desecration of their sister's grave, although the father and mother of their deceased sister are living. Appellants have misinterpreted the opinion in the Pickelsimer case. The two plaintiffs in that case were the sisters and only heirs at law of Nettie Crider, deceased, whose grave had been desecrated. The parents of Nettie Crider were dead. The following was quoted from Louisville Cemetery Association v. Downs, 241 Ky. 773, 45 S. W. (2d) 5:

" 'A recovery may be had by the next of kin or the surviving spouse for an unwarranted interference with the grave of a deceased, or for the infliction of an injury to a corpse, if either be done (a) maliciously, (b) or by gross negligence, (c) or wantonly, i. e., with a reckless disregard of the rights of another.' "

It was pointed out in the opinion in the Picklesimer case that the right of action in a case of this kind is: First, in the surviving husband or wife; second, if there is no surviving husband or wife the right is in the next of kin in the order of their relation to the decedent, and it was said that the term "next of kin" in this character of case "means those who inherit from the deceased the fee, interest of easement in the soil containing the dead body under the statute of descent." Under the rule announced in the Pickelsimer case and the cases cited therein, the brothers and sisters of Rosie Johnson, deceased, were not necessary or proper parties to the ac-

tion, and the court properly struck from the record their intervening petition.

Appellee's argument in support of its contention that paragraph 2 of its answer stated a good defense and that the trial court properly overruled the demurrer thereto is, in substance, that a contractor, in the absence of negligence, is not liable in damages for injuries resulting from the construction of a highway when the work is done in strict conformity to the plans and specifications of the State Department of Highways. The general rule, stated in Hunt-Forbes Construction Company v. Robinson, 227 Ky. 138, 12 S. W. (2d) 303, and other like cases relied upon by appellee, is that a contractor cannot be held responsible for any damages occasioned in the performance of a contract made with the state if that performance was without negligence and within the terms of the contract. None of the cases cited by appellee goes so far as to hold that a contractor can knowingly destroy or injure on the right of way on which he is constructing a highway under a contract with the Department of Highways property which was not included in the deed conveying the land for road purposes. Appellants' petition as amended alleged that the place where their daughter was buried was being used as a cemetery at the time of the wrongful acts alleged in the petition, and had been dedicated to the use of the public generally and to the plaintiffs as a burial ground by the owners of the land prior to the execution of the deed by R. W. Barnett to the Commonwealth of Kentucky. Appellants did not own the fee in the land occupied by their daughter's grave, but they had a right which could not be extinguished by the owner of the fee. Such right is sometimes referred to as a mere easement or license or privilege. It is a right which entitles the next of kin of the dead person to maintain an action against the owner of the fee or strangers who, without right, knowingly and wantonly disturb the grave. Hertle v. Riddell, 127 Ky. 623, 106 S. W. 282, 15 L. R. A., N. S., 796, 128 Am. St. Rep. 364; Brunton v. Roberts, 265 Ky. 569, 97 S. W. (2d) 413, 107 A. L. R. 1289. If, as stated in appellee's brief, the right of way where the excavation was made passed through a cultivated field and there was nothing to indicate there were graves in the ground and appellee was without notice that such graves existed, it would not be liable. Rights incident

to family or private burial grounds may be lost by abandonment. 10 Am. Jur., Cemeteries, Section 36; Annotation in 130 A. L. R. 250. Under the circumstances, however, we think that paragraph 2 of the answer failed to state a good defense, and that the court erred in overruling plaintiffs' demurrer.

The judgment striking from the record the intervening petition of the brothers and sisters of Rosie Johnson, deceased, is affirmed, and the judgment dismissing the petition of J. B. Johnson and the intervening petition of Mrs. J. B. Johnson is reversed, with directions to sustain the demurrer to paragraph 2 of the defendant's answer.