**R. B. TYLER COMPANY, Appellant,**

**v.**

**George W. KINSER et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1961.

Rehearing Denied June 2, 1961.

Frank J. Dougherty, Jr., Louisville, for appellant.

Fred J. Karem, Louisville, for appellees.

STANLEY, Commissioner.

■ The children and a grandchild of Mrs. Maggie Edwards, deceased, recovered a judgment of $3,000 against the appellant, R. B. Tyler Company, for desecration of her grave.

Mrs. Edwards was buried in 1944 in St. Stephens cemetery in Louisville close to a fence line in the back part of the cemetery. Her grave was then, and continued to be, marked by a temporary iron stake and a plastic card. In constructing the North and South Expressway along the edge of the cemetery, the appellant, the contractor, had sheet piling driven at the boundary line. There was some slipping of the earth, and a crack or large hole was caused at the place where Mrs. Edwards was buried. A large quantity of dirt and debris were thrown on and over her burial place and destroyed the grave marker. Several pictures made at the time graphically show the obliteration of the grave and despoiling of the burial lot. The caretaker of the cemetery did not believe the body had been moved except perhaps several inches with the entire ground.

A low retaining wall with a wire fence on it was placed on the boundary line after the completion of the new highway, and the surface inside was graded. The burial plot was put in a better and cleaner condition than it was before. But the grave cannot be exactly located. By reference to the cemetery plat the location can be done only with approximation. There is no dispute about the essential facts.

The daughter and son testified to their great devotion and frequent visits and tender care of their mother's grave and to their emotional distress over its condition during the construction work and over their present inability to locate her burial spot exactly.

The instructions authorized a verdict for the plaintiffs upon the jury's belief that there was damage or interference with the grave and obliteration of the marker thereon caused by the defendant's employees if their acts were malicious or grossly negligent or wantonly done. The jury was further instructed that the plaintiffs were not entitled to recover for any damage caused by cracks or openings in the ground or throwing of dirt upon the grave if they further believed that the openings or cracks or damage to the surface had been remedied by the defendant. The terms "malicious," "grossly negligent" and "wantonly" were defined in the usual way.

■ The appellant contends the court should have instructed the jury that "unless the jury believe from the evidence that the coffin or the body of Maggie Edwards was exposed to view or was removed from its

burial place in St. Stephens cemetery or there was physical injury done to her remains and that said acts were done either (a) maliciously, (b) by gross negligence, or (c) wantonly, i. e., with a reckless disregard for the rights of another, then the law is for Tyler and the jury should so find." Another instruction offered and refused was to find for the defendant if Mrs. Edwards' remains and their container were uninterrupted and undisturbed and sustained no hurt or injury.

The instructions were properly refused. There was no evidence upon which they could have been based, and the submitted law was too restricted or limited as to the basis of liability for damages.

■ We have a statute, KRS 433.660, which imposes a criminal penalty upon any person who violates a grave and a complementary statute, KRS 446.070, which authorizes recovery of damages sustained by reason of the violation of a statute. But the right of next of kin to recover damages for the desecration of a grave is generally recognized as being for a common law tort. It is based upon the reality of an intrusion into tender feelings. The resting places of the dead have been revered and regarded as hallowed ground from the earliest days. See comment, Brunton v. Roberts, 265 Ky. 569, 97 S.W.2d 413, 107 A.L.R. 1289.

It is the law of this jurisdiction that next of kin have a right to recover damages for mental anguish for "unwarranted interference with the grave of a deceased person" as well as for an act which affected the body interred therein if either act was done maliciously or wantonly or by gross negligence. Louisville Cemetery Ass'n v. Downs, 241 Ky. 773, 45 S.W.2d 5; North East Coal Co. v. Pickelsimer, 253 Ky. 11, 68 S.W.2d 760; North East Coal Co. v. De Long, 254 Ky. 22, 70 S.W.2d 972; Johnson v. Kentucky-Virginia Stone Co., 286 Ky. 1, 149 S.W.2d 496; Codell Construction Co. v. Miller, 304 Ky. 708, 202 S.W.2d 394, 172 A.L.R. 546.

In the instant case there was a violation of the grave not materially different from the desecration in Codell Construction Co. v. Miller, supra, by dynamite blasts set off in the course of highway construction along a graveyard.

■ We may add that in this connection malice is imputed where the wrongful act evidenced the entire want of care or great indifference to the consequences and the rights of others. Restatement of Torts, § 47(b); 15 Am.Jur., Damages, § 179.

We think the case was properly submitted to the jury.

■ We find no merit in the argument that it was error to admit in evidence certain photographs of the condition of the particular burial lot while the debris was upon it because they showed other graves which were partially covered.

The judgment is affirmed.