**LOUISVILLE CEMETERY ASSOCIATION, Inc., Appellant,**

**v.**

**Lillian Carter SHAUNTEE and Clarence Carter, Appellees.**

Court of Appeals of Kentucky.

March 6, 1964.

Harry S. McAlpin, Louisville, for appellant.

Long & Lowery, Jack M. Lowery, Jr., Louisville, for appellee.

WILLIAMS, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court which awarded damages against appellant Louisville Cemetery Association, Inc., for wantonly interfering with the grave of Stephen Carter, an uncle of appellees. The jury awarded $750 compensatory damages and $1,500 punitive damages. Motion for appeal has heretofore been sustained by this Court.

The original complaint sought damages for the desecration of the grave of Robert Carter, a brother of appellees, as well as for the desecration of the grave of Stephen Carter. At the conclusion of the proof taken by appellees the trial court sustained appellant's motion for a directed verdict insofar as the claim involved damages to the grave of Robert Carter. Appellant cannot complain of a decision made pursuant to its motion.

This action was instituted by Lillian C. Shauntee and her brother, Clarence Carter, as sole heirs of Stephen and

Robert Carter. On appellees' motion the trial court dismissed the claim of Clarence Carter. The cause of action here is a family right belonging to the next of kin who are permitted to maintain but one action. North East Coal Company v. Pickelsimer, 253 Ky. 11, 68 S.W.2d 760 (1934). The dismissal of Clarence Carter was prejudicial only to Clarence who, as a member of the family, may maintain no further action against appellant. Codell Construction Co. v. Miller, 304 Ky. 708, 202 S.W.2d 394, 172 A.L.R. 546. The question of appellant's liability to Lillian C. Shauntee for the alleged desecration of the grave of Stephen Carter was properly submitted to the jury.

■ On the appeal there is complaint made of the instructions given by the trial court. No objection was made at the time they were given, nor were alternative instructions offered. CR 51 specifically provides that no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the court instructs the jury.

Stephen Carter died in 1919. The lot in which he was buried was purchased on the grounds of the Louisville Cemetery Association, Inc. Mrs. Shauntee and her family visited the grave with some regularity during the years intervening from 1919 to 1956. Sometime before 1956 a concrete grave stone disappeared. Mrs. Shauntee said she visited the site of her uncle's grave in 1956 but was unable to locate it due to the fact appellant had removed trees and other landmarks nearby and had "leveled off" a small hill upon which the grave had been located. Inquiry of the cemetery superintendent failed to locate the grave.

In 1959 Mrs. Shauntee took a photographer to the cemetery who requested the superintendent to locate the Stephen Carter grave. The superintendent indicated the location by a wide sweep of the arm. Consequently a broad area was photographed and the picture was introduced at the trial. The photographer heard the superintendent say that some areas of the cemetery were sometimes leveled off and resold when the graves in those areas were not cared for for a number of years.

The cemetery superintendent denied that he had been requested to locate the grave and stated that the grave was still in existence and intact.

■ Appellant alleges that under North East Coal Company v. Pickelsimer, supra, evidence pertaining to other graves is inadmissible. But in that case the location of the graves was known and there was no possibility that they had been destroyed. Here the broad area described and photographed was the area pointed out by appellant's superintendent to be the location of the grave of Stephen Carter. The very essence of the claim of Mrs. Shauntee was that the general area had been changed and that a hill had been leveled off, thereby obliterating her uncle's grave. The admission of proof that a general area had been "leveled" for the purpose of resale was admissible to show wanton conduct on the part of appellant. In R. B. Tyler Co. v. Kinser, Ky., 346 S.W.2d 306 (1961), this Court found no merit in the argument that it was error to admit in evidence photographs of a burial lot because the photographs showed other graves.

■ The jury argument of counsel for appellee to the effect that appellant was engaged in the practice of leveling off certain areas and reselling them was not prejudicial. There was proof in the record that such was the case, and reference thereto was proper to show wanton interference with the graves in the area, including the grave of Stephen Carter.

■ We said in R. B. Tyler Co. v. Kinser, supra, that next of kin have a right to recover damages for mental anguish for unwarranted interference with the grave of a deceased person. Although Mrs. Shauntee was only nine years old at the time Stephen Carter died, she was very close to him. He had taken his meals with

her family, paid a great deal of attention to her, taught her to play the piano, etcetera. She testified that, upon discovery of the obliteration of his grave, she suffered mental anguish. The jury believed her, and did not award damages in such amount as to indicate the award was made as the result of passion or prejudice.

Judgment affirmed.