**KENNY CONSTRUCTION COMPANY et al., Appellants,**

**v.**

**Maude GREEN, as Next of Kin, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

Rehearing Denied Jan. 26, 1968.

Earl R. Cooper, Marcus Mann, Salyersville, for appellants.

Cordell Martin, Hindman, G. C. Perry III, Paintsville, Foster Collis, Jackson, Robert Matthews, Atty. Gen., Frankfort, for appellees.

OSBORNE, Judge.

This is an action brought by Mrs. Maude Green for the desecration and destruction of the graves of five of her infant children. The children were buried in Magoffin County on the farm of Clyde Arnett. They were not buried in a recognized cemetery nor was the interment conducted by an undertaker. The only markers left at the graves were some natural field stone placed at the heads. The last of the children was buried in 1942. Appellee had not visited the site of the graves since 1956. She did not have a deed to the site where the children were buried but had permission from the owner thereof for their interment.

Appellant, Kenny Construction Company, constructed a part of the Mountain Parkway under contract with the Kentucky State Highway Department which had through condemnation and negotiation acquired the site where the children were buried. There is no question but what appellant was working on the right of way and in accordance with the plans and specifications furnished by the State Highway Department. Appellant filed a cross-claim against the Department of Highways alleging a right of indemnity from them on the grounds that if there was negligence it was committed by the Department in procuring the right of way which it secured to appellant.

There are several questions raised upon this appeal. However, since we have concluded that the judgment must be reversed we will not attempt to discuss them in detail. The first question presented is, can appellant be held liable for the destruction of graves upon the right of way in

view of the fact that the Commonwealth took responsibility for securing the title to the right of way? In Codell Construction Company v. Miller, 304 Ky. 708, 202 S.W. 2d 394, we discussed this question with a factual difference that in the Codell case the graves were located adjacent to but off of the right of way and the case seemed to turn on that point. In the opinion, we said:

"Appellant contends that its evidence shows its good faith in following out the plans and specifications of its contract with the Highway Department, and negatives the idea of any wanton or reckless acts. It relies on the case of Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S.W.2d 303, in which we held, under a different set of facts, that a contractor in the absence of negligence is relieved of liability for injuries resulting from the construction of a highway where the work is done in strict conformity with plans and specifications of the Highway Department. This same defense was presented to us in Johnson v. Kentucky-Virginia Stone Co., 286 Ky. 1, 149 S.W.2d 496, wherein it was held that the rule laid down in the Hunt-Forbes case does not apply to this type of action, saying that the rule does not go so far as to hold that a contractor can knowingly destroy or injure property which was *not included in the right of way for highway construction.*" (Emphasis added)

In Johnson, et al. v. Kentucky-Virginia Stone Co., supra, we held that a contractor could not knowingly destroy or injure *on* the right of way property which was not included in the deed conveying the land for road purposes. But, if the contractor was without notice that the graves existed he would not be liable. The right of action for desecration of a grave seems to have historically been rested upon two separate theories. Some courts adhere to the theory that the gist of the action is the trespass upon the lot and the action may be maintained by the plaintiff where he has actual or constructive possession of the soil where the body is buried. Others subscribe to the theory that the act of desecration is the interference with the right of burial giving a cause of action in tort against the wrong doer. In one instance the gist of the action is the trespass to land and in the other it is a personal right regarding dead bodies. It probably is because of a confusion of these two theories that we have in this state several cases in which the contractor argues vehemently that by virtue of his superior title he has an absolute right to proceed upon the right of way while the surviving relative of the deceased argues just as vehemently that no person has a right to disturb the remains of the dead. Our cases have not made it exactly clear upon which of these theories we proceed and we do not deem it necessary to do so in this case except to point out that we have previously held that the parents of a deceased child have such an interest or right in the land occupied by the child's grave as to entitle them to maintain an action against one who disturbs that grave. Hook v. Joyce, 94 Ky. 450, 22 S.W. 651, 21 L.R.A. 96 and Johnson v. Kentucky-Virginia Stone Co., supra. However, even though the contractor may be held liable for disturbing the grave when upon the right of way it must be shown that his actions were done either maliciously by gross negligence or wantonly with a reckless disregard for the rights of others. Mere negligence is not sufficient. Codell Construction Co., v. Miller, supra. See also 172 A.L.R. 554. We have concluded that the proof in this action fails to show gross negligence or wanton disregard and for that reason the judgment should be reversed. The proof doesn't disclose any public record from which appellant could gain information concerning the existence of the graves. There is no proof that they physically existed in such form as to be recognizable at the time appellant came

upon the site. Without positive proof that appellant had knowledge of the graves it cannot be claimed that it maliciously or wantonly destroyed them. The testimony concerning a conversation had with appellant's employee by Wiley Arnett does not constitute notice.

As the action of the trial court in dismissing a cross-complaint against the Highway Department is now rendered moot, we do not deem it necessary to pass upon that question.

The judgment is reversed.

All concur.